338 So.2d 75 (1976)
STATE of Florida, Appellant,
v.
Norbert Lee BANDI, Appellee.
No. 75-1420.
District Court of Appeal of Florida, Fourth District.
October 8, 1976.
*76 Philip S. Shailer, State Atty., and Jon H. Gutmacher, Asst. State Atty., Fort Lauderdale, for appellant.
Glenn R. Roderman and Steadman Stahl, Jr., of Varon, Stahl & Kay, Hollywood, for appellee.
WALKER, WILLIAM L., Associate Judge.
The State appeals the trial court's Order granting defendant-appellant's Motion to Dismiss.
The information alleged indecent assault on a nine year old between April 1, 1974, and February 16, 1975. A statement of particulars narrowed the date to a period of March 1 to June 1, 1974. At the hearing the State Attorney said he could not further refine the time span. The case was dismissed without prejudice.
Involved is F.R.Cr.P. 3.140(n):
"(n) Statement of Particulars. The Court, upon motion, shall order the prosecuting attorney to furnish a statement of particulars, when the indictment or information upon which the defendant is to be tried fails to inform the defendant of the particulars of the offense sufficiently to enable him to prepare his defense. Such statement of particulars shall specify as definitely as possible the place, date, and all other material facts of the crime charged that are specifically requested and are known to the prosecuting attorney, including the names of persons intended to be defrauded. Reasonable doubts concerning the construction of this rule shall be resolved in favor of the defendant." (Emphasis added.)
Here involved is not the issue of granting a bill of particulars but the quality of compliance. It is not necessary that the exact date of the offense be alleged. See State v. Beamon, 298 So.2d 376 (Fla. 1974). It is our opinion the State has complied with both the requirement of the bill and the requirement of due process. We do not believe the State has the burden of showing what it has done toward narrowing the time requirement. We are further of the opinion that the exact time is not an element of an offense and defendant can not so make it by presenting a "possible" defense of alibi.
See Sparks v. State, 273 So.2d 74 (Fla. 1973), at 75. See also, State v. Beamon, supra, at 379.
*77 It has been held that an information or bill of particulars may properly charge the crime between two dates. See Skipper v. State, 114 Fla. 312, 153 So. 853 (1934) at 858, app. dismissed 293 U.S. 517, 55 S.Ct. 76, 79 L.Ed. 631 (1934).
Accordingly, the trial court's order granting defendant's motion to dismiss is vacated and set aside and the cause remanded to the trial court for further proceedings consistent herewith.
REVERSED AND REMANDED.
MAGER, C.J., and CROSS, J., concur.