383 So.2d 923 (1980)
STATE of Florida, Appellant,
v.
David PEREZ et al., Appellees.
Nos. 79-165, 79-169, 79-170, 79-181 and 79-256.
District Court of Appeal of Florida, Second District.
April 18, 1980.
Jim Smith, Atty. Gen., Tallahassee, Charles Corces, Jr., Eula Tuttle Mason, William I. Munsey, Jr., Robert J. Landry, Asst. Attys. Gen., Tampa, and Bruce Hinshelwood, Asst. State's Atty., Orlando, for appellant.
Alan S. Ross of Weiner, Robbins, Tunkey & Ross, P.A., Miami, for appellees Corcuera, David Perez, and Capestany.
*924 William Plowman, Tampa, for appellee Chambrot.
Jack O. Johnson, Public Defender, Bartow, and Wayne Chalu, Asst. Public Defender, Tampa, for appellee Campaz.
Raymond R. Pines, Tampa, for appellee Hector Rodriquez.
Melvyn Kessler, Miami, for appellees Avila, Serrano, Luis Perez, Escorcia, and Cortez.
Lawrence Scott, Tampa, for appellees Cardosa, Camejo, and Romero.
DANAHY, Judge.
The state appeals from orders of dismissal entered by the trial judge on motions to dismiss filed by all defendants. The trial court granted the motions after finding that each defendant had been prejudiced by the state's failure to comply with discovery. But the state contends in part that certain defendants are not able to show prejudice from the state's violation of the discovery rules because those defendants have filed waivers of the speedy trial time. We agree with the state's contentions.
Five of the defendants, Antonio Avila, Carlos Serrano, Luis Perez, Jorge Luis Escorcia and Alberto Cortez, filed waivers of speedy trial. Nonetheless, the trial court granted their motion to dismiss on the basis of a finding of prejudice arising out of the state's failure to comply with discovery rules. We find that the granting of the motion to dismiss as to these five defendants was an abuse of discretion. Dismissal is an extreme sanction which should be imposed only when less severe sanctions would not accomplish the desired result. State v. King, 372 So.2d 1126 (Fla. 2d DCA 1979). Although the waiver of speedy trial time does not excuse the state's discovery violations, it does prevent these five defendants from showing sufficient prejudice to justify the dismissal. Since Avila, Serrano, Perez, Escorcia and Cortez had all filed waivers of speedy trial, a more appropriate sanction, among others available to the court, would have been the continuance of the trial for a period of time sufficient to allow the defendants to obtain discovery and prepare for trial. Since lesser sanctions could have been imposed to remedy any prejudice there might be to these defendants, dismissal was too harsh.
The dismissal of the charges against Antonio Avila, Carlos Serrano, Luis Perez, Jorge Luis Escorcia, and Alberto Cortez is reversed. The orders dismissing the charges against the remaining defendants are affirmed.
OTT, Acting C.J., and RYDER, J., concur.