409 So.2d 504 (1982)
STATE of Florida, Appellant,
v.
Bruce McGREGOR, Appellee.
No. 81-661.
District Court of Appeal of Florida, Fourth District.
February 3, 1982.
Rehearing Denied March 3, 1982.
Jim Smith, Atty. Gen., Tallahassee, and Andrea T. Mohel, Asst. Atty. Gen., West Palm Beach, for appellant.
*505 Douglas N. Duncan of Foley & Colton, P.A., West Palm Beach, for appellee.
DOWNEY, Judge.
By a direct filed information the State charged McGregor with two counts of accepting unauthorized pecuniary benefit relative to his duties as an assistant building inspector of the City of Jupiter, Florida. The information alleged that McGregor requested, solicited, or accepted pecuniary benefit not authorized by law between January 1, 1980, and September 1, 1980.
During the preliminary stages of the proceeding McGregor requested, among other things, a statement of particulars. The State filed a form response which did not contain a statement of particulars. Thereafter, the trial court granted McGregor's motion for a more definite statement of particulars. The State responded, stating that the alleged offense occurred between the first day of January 1980 and the first day of September 1980 at or in the vicinity of Jupiter. Thus, the only new information contained in the better statement of particulars was that the alleged crime was committed in the vicinity of Jupiter. Counsel for McGregor then wrote the prosecutor handling the case, pointing out that the better statement of particulars did not comply with the court order. Receiving nothing further from the State, McGregor filed a motion to impose sanctions. The matter was set for hearing, but the prosecutor handling the case did not appear because he was involved in the trial of another case. In his stead he sent another assistant from his office who was totally unfamiliar with the case. At the court's suggestion the latter prosecutor returned to his office to obtain the case filed. Upon his return, he advised the court that he had seen the prosecutor who was handling the case and the latter advised him that the State had alleged the dates in the statement of particulars with as much specificity as possible. At the end of the hearing the the court granted McGregor's motion for sanctions and dismissed the information.
Apparently the trial judge felt the State should have spent more time investigating the case so as to furnish McGregor with more information regarding the crucial dates on which the crime was allegedly committed. Be that as it may, it appears to us the sanction of dismissal was too severe for the alleged default.
Charging a public official with what amounts to bribery is no routine matter and such charges should not be dismissed except for most compelling reasons. Reading between the lines of the trial judge's very comprehensive order it would appear the judge is fed up with the failure of the parties in criminal cases to comply with the spirit as well as the letter of procedural rules concerning discovery matters. Far be it from us to second guess a trial judge in the supervision of his courtroom and the enforcement of his orders. However, where sanctions are imposed which are too drastic for the circumstances we would be remiss in not repudiating them.
Here the information which the State filed alleged the offenses charged occurred between January and September, 1980. Upon order of the court the State added that the crime occurred in the vicinity of Jupiter. At the sanction hearing the prosecutor (who was in the midst of another trial) advised the court, through an associate, that the State was unable to furnish a more definite time period for the offenses charged. It appears to us that this was sufficient compliance with the trial court's order (see Sparks v. State, 273 So.2d 74 (Fla. 1973)), as this court has held the State does not have the burden of showing what it has done toward narrowing the time frame set forth in the information and bill of particulars. State v. Bandi, 338 So.2d 75 (Fla. 4th DCA 1976).
In dismissing the information the trial court relied on Florida Rule of Criminal Procedure Rule 3.220(j), which is not really applicable to the facts of this case. The case falls more properly under the provisions of Rule 3.140(n), which is not to say that violation of any court order will not subject a party to appropriate sanctions.
*506 Under the circumstances of this case we think there were viable alternative sanctions, resort to which would have been preferable to dismissal. State v. Perez, 383 So.2d 923 (Fla. 2d DCA 1980). We also note that this record would support a finding that appellee was not really prejudiced because he had filed a demand for speedy trial, the significance of which is that he has investigated his case and is prepared for trial. State ex rel. Ranalli v. Johnson, 277 So.2d 24 (Fla. 1973); State v. Perez, supra.
Accordingly, the order appealed from is reversed and the cause remanded with directions to reinstate the information.
REVERSED AND REMANDED with directions.
DELL, J., concurs.
ANSTEAD, J., concurs specially with opinion.
ANSTEAD, Judge, specially concurring:
I concur, although with substantial reluctance, in the reversal of the trial court's order of dismissal. My reluctance is predicated on the absolute failure of the state to offer the trial court any explanation as to why more specific dates could not be supplied. At the hearing on the motion for sanctions the state's representative conceded that he was totally unprepared to represent the state and no explanation was offered as to why someone on behalf of the state was not present and prepared to explain the state's position. Although it appears that the assigned prosecutor was in trial on another matter no attempt was made in advance of the hearing to secure a continuance and no explanation was offered as to why someone else had not prepared to respond on behalf of the state. The secondhand report from the assigned prosecutor that he had done the best he could was tantamount to no response at all. It was only after the order of dismissal that the state supplied the court with information reflecting that its witnesses were prepared to testify that the unlawful compensation payments had been made weekly in cash over the periods alleged in the information but were not prepared to testify as to the exact dates. This belated attempt to explain was a day late and a dollar short.
On the other hand, my concurrence in the reversal is predicated not only on the authorities cited in the majority opinion, principally the case of State v. Bandi, 338 So.2d 75 (Fla. 4th DCA 1976), and my agreement that the sanction imposed was too severe, but more importantly on the fact that the first document contained in the trial court file is a probable cause affidavit which contains in essence a "bill of particulars." This affidavit specifically sets out the names of the persons who allegedly paid the unlawful compensation, the specific locations where the payments were made, and the fact that the payments were made in the amount of $150.00 weekly over approximately the same period of time alleged in the information filed against the appellee. In Bandi we held that the state was not precluded from charging the occurrence of a crime over a period of time in the manner alleged herein and reversed an order dismissing an information containing such allegations. Here, even assuming the state was obligated to furnish more specific dates, I think the presence in the file of the detailed probable cause affidavit coupled with the other discovery provided by the state precluded the defendant from complaining about the lack of specificity as to dates. Nonetheless, based upon the state's absolute default at the hearing on the motion for sanctions I would support the imposition of sanctions, short of dismissal, against the state or counsel representing the state.