468 So.2d 495 (1985)
STATE of Florida, Appellant,
v.
Ronald Craig BELTON, Appellee.
No. 84-955.
District Court of Appeal of Florida, Fifth District.
May 9, 1985.
*496 Jim Smith, Atty. Gen., Tallahassee, and Gary W. Tinsley, Asst. Atty. Gen., Daytona Beach, for appellant.
Robert Q. Williams and Gary L. Summers, of Williams & Smith, Tavares, for appellee.
ORFINGER, Judge.
The State appeals[1] from an order of the trial court dismissing the information because of the State's failure to provide a statement of particulars specifying within a 24 hour time period when the offense had been committed. We reverse.
On March 22, 1984 an information was filed against defendant, charging him with grand theft of an outboard motor between the dates of October 19 and 20, 1983. Belton filed a motion for a statement of particulars requesting, among other things, the exact date and time of the offense. At the hearing on the motion, the court ordered the State to respond and to specify the time of the offense within six hours "on each side." The State filed its statement of particulars, indicating that the offense occurred between the hours of 6:00 P.M. on *497 October 19 and 6:00 A.M. on October 20, 1983.
Several days later the State filed an amended information, correcting the name of the owner of the outboard motor and placing the date of the offense between October 1 and October 20, 1983. It also moved for leave to amend its statement of particulars. At a subsequent hearing, the State indicated that the witnesses to the theft could not specify the exact date and time on which the motor was taken. The manager of the marina from which the motor was stolen could testify that he discovered it missing on October 20, and a co-participant in the theft could only remember that the theft took place in October, and that was the best information the State had.
At a later hearing the State indicated that it could narrow the time period in which the offense occurred to the time between the evening of October 14 and the morning of October 20 at times when defendant, a Mount Dora police officer, was on duty. The court rejected this response but enlarged the time within which the State could respond to 12 hours on either side. When the State indicated that it could not comply because it did not have any better facts, the trial court dismissed the information.
Florida Rule of Criminal Procedure 3.140(d)(3) provides:
Each count of an indictment or information upon which the defendant is to be tried shall contain allegations stating as definitely as possible the time and place of the commission of the offense charged in the act or transaction or on two or more acts or transactions connected together, provided the court in which the indictment or information is filed has jurisdiction to try all of the offenses charged.
Rule 3.140(n) of the Florida Rules of Criminal Procedure states:
The court, upon motion, shall order the prosecuting attorney to furnish a statement of particulars, when the indictment or information upon which the defendant is to be tried fails to inform the defendant of the particulars of the offense sufficiently to enable him to prepare his defense. Such statement of particulars shall specify as definitely as possible the place, date, and all other material facts of the crime charged that are specifically requested and are known to the prosecuting attorney, including the names of persons intended to be defrauded. Reasonable doubts concerning the construction of this rule shall be resolved in favor of the defendant.
An information or a statement of particulars may properly allege a crime as occurring between two dates. Skipper v. State, 114 Fla. 312, 153 So. 853, appeal dismissed, 293 U.S. 517, 55 S.Ct. 76, 79 L.Ed. 631 (1934). It is not necessary that an information specify the exact date of the offense if such date is not known, Lightbourne v. State, 438 So.2d 380 (Fla. 1983), cert. denied, ___ U.S. ___, 104 S.Ct. 1330, 79 L.Ed.2d 725 (1984); Sparks v. State, 273 So.2d 74 (Fla. 1973), except in those rare cases where the exact time enters into the nature or legal existence of the offense. Hoffman v. State, 397 So.2d 288 (Fla. 1981).
With limitations not pertinent here, the State has the right to amend an information without leave of court, and the filing of a signed and sworn amended information has the legal effect on the original information of a nolle prosequi. State v. Stell, 407 So.2d 642 (Fla. 4th DCA 1981). The defendant vigorously asserts, however, that he has prepared an alibi defense based on the time specified in the original information and statement of particulars, and that he will be prejudiced in his defense if the State is permitted to amend. However, no prejudice is shown because first, the amended information was filed before any trial date had been set and defendant does not assert an insufficient time for preparation, and secondly, the amended information includes the time frame of the original, so that any investigation of that time *498 frame is still of value. See Hoffman v. State, supra.
In State v. Bandi, 338 So.2d 75 (Fla. 4th DCA 1976), cert. denied, 344 So.2d 323 (1977), a statement of particulars furnished by the State narrowed the time span within which the charged indecent assault had occurred to between March 1 and June 1, 1974. When the State announced that it could not further refine the time span, the trial court dismissed the information. In reversing the dismissal, the court said:
Here involved is not the issue of granting a bill of particulars but the quality of compliance. It is not necessary that the exact date of the offense be alleged. See State v. Beamon, 298 So.2d 376 (Fla. 1974). It is our opinion the State has complied with both the requirement of the bill and the requirement of due process. We do not believe the State has the burden of showing what it has done toward narrowing the time requirement. We are further of the opinion that the exact time is not an element of an offense and defendant can not so make it by presenting a "possible" defense of alibi.
Id. at 76. See also State v. McGregor, 409 So.2d 504 (Fla. 4th DCA 1982).
Here, the State forthrightly advised the court and defense counsel that the testimony of the witnesses could not refine the date as closely as the court required. The prosecutor advised the court that he could narrow the time to a six day period from October 14 to October 20, 1983, and to those times within said dates when defendant was on duty as a Mount Dora police officer. The State satisfied its obligation of stating as definitely as possible the date of the offense, so the information should not have been dismissed for the State's inability to do any better.
The order dismissing the information is reversed.
REVERSED and REMANDED.
COBB, C.J., and COWART, J., concur.
NOTES
[1] Fla.R.App.P. 9.140(c)(1)(A).