506 So.2d 1182 (1987)
Randall C. KNIGHT, Appellant,
v.
STATE of Florida, Appellee.
No. 86-1516.
District Court of Appeal of Florida, Fifth District.
May 14, 1987.
James B. Gibson, Public Defender, and Michael L. O'Neill, Asst. Public Defender, Daytona Beach, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Sean Daly, Asst. Atty. Gen., Daytona Beach, for appellee.
COBB, Judge.
Randall Knight appeals from a judgment and sentence imposed after he was found guilty by a jury of charges that he sexually abused his stepdaughter. The amended information charged Knight with two counts of sexual battery upon a child under the age of twelve in violation of section 794.011(2), Florida Statutes, and one count of sexual activity while in position of familial *1183 authority in violation of section 794.041(2)(b). The information alleged that the first sexual battery occurred between January 1, 1977 and December 31, 1980; the second sexual battery occurred between January 1, 1981 and February 11, 1984; and the third offense occurred between February 12, 1984 and December 31, 1984.
Knight filed several motions in limine as well as a motion to dismiss on grounds of vagueness, alleging an inability to prepare a defense since the information did not allege specific dates. More specifically, Knight argued that he would not be able to prepare an alibi defense or otherwise defend himself due to the wide time period involved. Knight also argued that he would possibly be exposed to a double jeopardy violation since the dates were not specific enough. The trial court declined to require the state to narrow the four-year period for count one and the over-three-year period for count two, first by denying the motion to dismiss and then by denying a motion for statement of particulars. The time frame for the third count was later narrowed to between October 1, 1984 and December 31, 1984.
The victim was able to recall before trial incidents in relation to her grade in school, but the state made no attempt to correlate the first two counts in the information to this testimony. The state's failure distinguishes this case from cases where the state did amend the information to provide more specific times. See State v. Belton, 468 So.2d 495 (Fla. 5th DCA 1985) (statement of particulars narrowed time span from 20 to 6 days); State v. Bandi, 338 So.2d 75 (Fla. 4th DCA 1976), cert. denied, 344 So.2d 323 (Fla. 1977) (time frame narrowed from ten months to three months).
The information should have stated the time of the offenses more definitely, as is required by Florida Rule of Criminal Procedure 3.140, which provides:
(d)(3) Time and place. Each count of an indictment or information upon which the defendant is to be tried shall contain allegations stating as definitely as possible the time and place of the commission of the offense charged in the act or transaction or on two or more acts or transactions connected together, provided the court in which the indictment or information is filed has jurisdiction to try all of the offenses charged.
The trial court erred in denying the defense motion to dismiss counts one and two of the information. We find no error in regard to count three. No reported Florida case has ever upheld such indefinite time periods in an information, and to do so eviscerates the rule quoted above. Accordingly, we reverse the judgments pertaining to counts one and two of the information, and remand for resentencing on count three.
REVERSED and REMANDED.
DAUKSCH, J., concurs.
UPCHURCH, C.J., dissents without opinion.