511 So.2d 714 (1987)
STATE of Florida, Appellant,
v.
Louis A. GARCIA, Appellee.
No. 86-2990.
District Court of Appeal of Florida, Second District.
August 21, 1987.
*715 Robert A. Butterworth, Atty. Gen., Tallahassee, and Davis G. Anderson, Jr., Asst. Atty. Gen., Tampa, for appellant.
Diana M. Allen of Stiles, Allen & Taylor, P.A., Tampa, for appellee.
SCHEB, Acting Chief Judge.
The state appeals the trial court's order dismissing an information charging the defendant with three counts of sexual battery and one count of lewd and lascivious conduct. We affirm.
The first three counts of the state's information charged that "LOUIS A. GARCIA, between the 1st day of January, 1984 and the 15th day of January, 1986 in the county of Hillsborough, and State of Florida, being then eighteen (18) years of age or older, did then and there unlawfully and feloniously commit sexual battery upon J.W., a person eleven (11) years or younger":

(Count I) by penetrating the vagina of J.W. with his penis or by placing his penis in union with the vagina of said J.W.;

(Count II) by penetrating the vagina of J.W. with his tongue or by placing his tongue in union with the vagina of said J.W.;

(Count III) by penetrating the vagina of J.W. with his finger or fingers.
The remaining count charged that Garcia:

(Count IV) between the 1st day of January, 1984 and the 15th day of January, 1986 ... did handle, fondle, or make an assault upon J.W., a child under fourteen (14) years of age, in a lewd, lascivious or indecent manner, by handling, fondling or otherwise touching the vaginal area or breasts of J.W. and/or encouraging or enticing J.W. to touch or fondle LOUIS A. GARCIA'S genital area.
At the defendant's request the state provided a statement of particulars; however, the court found that it did not narrow the time period during which the alleged crimes occurred. In its amended order dismissing the information the court ruled that it was:
so vague, indistinct or indefinite as to mislead or embarrass the Defendant in the preparation of his defense or to expose him after conviction or acquittal to substantial danger of a new prosecution for the same offenses and is therefore violative of Rule 3.140, Rules of Criminal Procedure.
The state contends that the trial court erred in dismissing the information when the state could not, because of the witness, narrow the alleged time frame. We disagree.
When a court orders the prosecuting attorney to furnish a statement of particulars, such statement shall specify as definitely as possible the place, date, and all other material facts that are specifically requested and known to the prosecuting attorney. Fla.R.Crim.P. 3.140(n). Here the trial judge, in granting the defendant's motion to dismiss, found that the state could be "substantially more specific than it has been in either the Information or the Bill of Particulars responded to which simply repeats the date set forth in the Information."
At the hearing on the defendant's motion to dismiss, the state represented that the alleged sexual abuse of the victim, an eight-year-old female, had begun a few days after the defendant moved in with the victim and her mother in the beginning of January 1984. The prosecutor stated that the sexual abuse ended when the crime was reported to the mother in mid-January 1986. The record does not disclose the statement of particulars. We agree with *716 the trial judge that the state appears to have the ability to allege, at least in two of the counts, a narrower time frame.
We think that the state's reliance on State v. Belton, 468 So.2d 495 (Fla. 5th DCA 1985) and State v. Bandi, 338 So.2d 75 (Fla. 4th DCA 1976) is misplaced. In Belton, the trial court dismissed an information because the state failed to specify within a twenty-four hour period when the offense had been committed. The fifth district held that where the state advised the court that it could not narrow the date as closely as the court required but could narrow it to a six-day period, the state had satisfied its obligation of stating as definitely as possible the date of the offense.
In Bandi, the state charged the defendant with assault on a nine-year-old between April 1, 1974, and February 16, 1975. Despite the fact that a statement of particulars narrowed the date of the offense to a period of three months, the trial court dismissed the information. The fourth district found that the state had complied with the requirements of the statement of particulars and the requirements of due process and reversed the dismissal of the information.
We recognize that it is not necessary that an information specify the exact date of the offense, if such date is not known. Lightbourne v. State, 438 So.2d 380 (Fla. 1983), cert. denied, 465 U.S. 1051, 104 S.Ct. 1330, 79 L.Ed.2d 725 (1984). Moreover, an information may properly allege a crime occurring between two dates. Skipper v. State, 114 Fla. 312, 153 So. 853, appeal dismissed, 293 U.S. 517, 55 S.Ct. 76, 79 L.Ed. 631 (1934). However, we do not think the court erred in dismissing the information in the case before us since the period of the alleged offense spans more than two years and it appears that the state had the ability to allege the time frame of the offenses with more specificity but failed to do so.
We realize the seriousness of the allegations against the defendant. Therefore, our affirmance is without prejudice to the state to file a new information alleging the charges against the defendant with some reasonable specificity, provided that no affirmative bar to the prosecution exists. See State v. Davis, 243 So.2d 587 (Fla. 1971).
Affirmed.
SCHOONOVER and THREADGILL, JJ., concur.