HALL, Judge.
The state contends that the trial court erred in its dismissal of the instant case. The appellee had filed a motion to continue the case and waived speedy trial at the time he filed a demand for discovery. The court signed an order compelling discovery. The state, through inadvertence, failed to provide discovery of the items requested by the appellee in his demand. At a status hearing several months later, the trial judge summarily dismissed the case as a sanction against the state for failure to comply with the court order compelling discovery. We reverse.
The appellee had waived speedy trial and requested a continuance. His motion for sanctions against the state for failure to comply with the court’s order compelling discovery failed to allege any prejudice to the appellee, and no prejudice was shown at the hearing. As we stated in State v. Perez, 383 So.2d 923 (Fla. 2d DCA 1980), “[dismissal is an extreme sanction which should be imposed only where less severe sanctions would not accomplish the desired result.” The appellee has shown no prejudice and, in fact, precluded any possible showing of prejudice by waiving speedy trial. Consequently, dismissal is an extreme sanction and inappropriate under the circumstances of this case.
Reversed and remanded for further proceedings consistent herewith.
SCHEB, A.C.J., and PARKER, J., concur.