535 So.2d 706 (1988)
George Marshall GOBLE, Appellant,
v.
STATE of Florida, Appellee.
No. 88-597.
District Court of Appeal of Florida, Fifth District.
December 29, 1988.
James B. Gibson, Public Defender, and Michael S. Becker, Asst. Public Defender, Daytona Beach, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Paula C. Coffman, Asst. Atty. Gen., Daytona Beach, for appellee.
DANIEL, Judge.
Goble appeals his convictions for two counts of sexual battery raising as his primary point on appeal the trial court's denial of his motion to dismiss the amended information filed against him. Goble contends that the information and the subsequent statement of particulars were fatally defective in that they failed to provide a sufficiently definite time period in which the crimes were alleged to have occurred thus making it impossible to prepare a defense and exposing him to double jeopardy. We agree and reverse.[1]
The amended information charged Goble with two counts of sexual battery which were alleged to have occurred "between the 1st day of May, 1981 and the 31st day of December, 1983." The state later filed a statement of particulars which reiterated that the offenses occurred "sometime between *707 5-1-81 and 12-31-83 on various and diverse occasions".
A factually similar situation was presented in Knight v. State, 506 So.2d 1182 (Fla. 5th DCA 1987). In that case, Knight was charged with two counts of capital sexual battery on his stepdaughter, the first occurring within a stated four year time frame and the second within a time frame of just over three years. The trial court denied Knight's motion to dismiss for vagueness and then denied his motion for a statement of particulars. Knight was later convicted. On appeal, we reversed Knight's conviction, explaining as follows:
The information should have stated the time of the offenses more definitely, as is required by Florida Rule of Criminal Procedure 3.140, which provides:
(d)(3) Time and place.  Each count of an indictment or information upon which the defendant is to be tried shall contain allegations stating as definitely as possible the time and place of the commission of the offense charged in the act or transaction or on two or more acts or transactions connected together, provided the court in which the indictment or information is filed has jurisdiction to try all of the offenses charged.
The trial court erred in denying the defense motion to dismiss counts I and II of the information. No reported Florida case has ever upheld such indefinite time periods in an information, and to do so eviscerates the rule quoted above.
506 So.2d at 1183.
The state says little to distinguish the factual situation here from Knight relying instead on a plea that "in the interest of some modicum of justice ... the decision of the trial court should simply be affirmed." We understand and sympathize with the plight of the prosecutor but to accept the easy way and simply affirm would eviscerate not only the applicable rule of criminal procedure set out above but also a system of criminal jurisprudence which has, for the most part, withstood the test of time for more than two hundred years in this country.
Accordingly, we reverse the judgment and sentences and direct that Goble be discharged.
REVERSED.
DAUKSCH and COBB, JJ., concur.
NOTES
[1] Having determined this point on appeal in Goble's favor, it is unnecessary to consider the other two points raised by him.