539 So.2d 535 (1989)
The STATE of Florida, Appellant,
v.
Willie JONES, Appellee.
No. 87-2789.
District Court of Appeal of Florida, Third District.
March 7, 1989.
*536 Robert A. Butterworth, Atty. Gen., and Joni B. Braunstein, Asst. Atty. Gen., for appellant.
Bennett H. Brummer, Public Defender, and Bruce A. Rosenthal, Asst. Public Defender, for appellee.
Before NESBITT and FERGUSON, JJ., and SCOTT, ROBERT C., Associate Judge.
NESBITT, Judge.
The state appeals an order granting defendant's motion to dismiss due to the state's failure to sufficiently narrow the time frame in which the charges of sexual battery occurred. We reverse.
Defendant Willie Lee Jones was charged by information with two counts of sexual battery upon a five-year-old female, the child of his live-in lover. The information alleged that the incidents occurred between March 1986 and February 12, 1987. The state based the charges on the victim's allegations which first came to light when the child's teacher reported to authorities that the little girl had disclosed the sexual batteries to her. There also existed physical evidence of the violations consisting of several tears to the child's hymen.
At a hearing on the defendant's motion for a statement of particulars, defense counsel requested a more specific time period in which the alleged offenses took place. The state replied that it could not narrow the time frame any more than it had due to the fact that the victim, who was the sole eyewitness to the offenses, could state only that the incidents occurred "when she was five." As a result of that hearing, the trial court ruled that the state had fulfilled its legal responsibilities regarding a statement of particulars. Nevertheless, at a later hearing on defendant's motion to dismiss based on the state's failure to narrow the time frame, the court granted dismissal even though it specifically found that the state had acted in good faith and had alleged the dates of the offenses with as much particularity as possible. At that second hearing the court also declared the victim incompetent to testify. The state now appeals the dismissal of the sexual battery charges; however, it has not appealed the ruling finding the child incompetent to testify.[1]
Florida Rule of Criminal Procedure 3.140(d)(3) requires that an information contain "allegations stating as definitely as possible the time and place of the commission of the offense charged... ." Section (n) of that same rule requires that upon the defendant's motion for a statement of particulars, the state shall "specify as definitely as possible the place, date, and all other material facts of the crime charged" in *537 order "sufficiently to enable [the defendant] to prepare his defense". The state contends that it has in good faith complied with these rules and that it was thus error to dismiss the complaint. Defendant, on the other hand, contends that the information as it stands is inadequate to enable him to prepare a defense and that it exposes him to multiple jeopardy.
It is not necessary that the exact date of the offense be alleged in an information if that date is not known. It is sufficient to allege that the offense occurred within stated specific time limits. Lightbourne v. State, 438 So.2d 380 (Fla. 1983), cert. denied, 465 U.S. 1051, 104 S.Ct. 1330, 79 L.Ed.2d 725 (1984); State v. Beamon, 298 So.2d 376 (Fla. 1974), cert. denied, 419 U.S. 1124, 95 S.Ct. 809, 42 L.Ed.2d 824 (1975); Sparks v. State, 273 So.2d 74 (Fla. 1973); State v. Bandi, 338 So.2d 75 (Fla. 4th DCA 1976), cert. denied, 344 So.2d 323 (Fla. 1977). "The reason for requiring a definite date is to show that the prosecution is not barred by the statute of limitations." Sparks, 273 So.2d at 75.
A review of the case law involving the adequacy of the time frame alleged in an information shows that in evaluating the propriety of dismissal, courts have consistently focused on the efforts of the state to narrow the period pursuant to a statement of particulars. The cases generally hold that if the facts support the state's inability to further narrow the time frame and if the time frame as alleged is non-prejudicial to the defendant, the court will not dismiss the charges.
It is proper for the trial court to dismiss an information on the basis of time frame specificity when the state had the ability to be more specific but failed to do so. Two cases involving charges of sexual battery against young children are illustrative. In State v. Garcia, 511 So.2d 714 (Fla. 2d DCA 1987), the second district held that charges of sexual battery upon a young child were properly dismissed where the state was found to have the ability to allege within a narrower time frame but did not. In that case, there was no finding by the trial court, as there was here, that the state was unable to more narrowly frame the time in which the offenses occurred. Similarly, in Knight v. State, 506 So.2d 1182 (Fla. 5th DCA 1987), there was no finding that the state made a good faith effort to narrow the eight-year time frame alleged. The court did find that the state had specific testimony of the victim which would have enabled it to narrow the time frame had it so chosen.
On the other hand, there are a number of cases where a dismissal of charges has not been upheld on appeal when there was evidence that the state had alleged the time of the offense as specifically as possible based on the available facts. For example, in State v. McGregor, 409 So.2d 504 (Fla. 4th DCA 1982) the allegation that two instances of bribery occurred within a nine-month time span was held to be sufficiently precise where the state represented that the dates were alleged with as much specificity as possible. Moreover, in Lightbourne, 438 So.2d at 384, the supreme court found that, given the limited information possessed by the state relative to the time of the offense, the state had alleged as narrow a time frame as possible. The court thus upheld the validity of an indictment alleging the offense of murder occurred at some point within a twenty-three hour period. In State v. Belton, 468 So.2d 495 (Fla. 5th DCA 1985), the fifth district reversed a dismissal of grand theft charges due to lack of time specificity where the state indicated that it had narrowed the time frame as much as possible based on the facts available to it. In that case, the allegation was that the theft occurred within a one-week period. Applying the foregoing reasoning and case law to the facts at hand, it was error to dismiss the information against the defendant in the face of the prosecuting attorney's good faith representation, and the trial court's findings, that based on the facts available to it, the state could go no further in narrowing the time span in which the alleged offenses occurred.
We are thus left to address the defendant's claims that he is prejudiced by the information. He argues that the information *538 denies him due process because it is inadequate to enable him to prepare a defense. He further contends that it exposes him to the possibility of multiple prosecutions for the same offenses. We find no merit in these claims. First, his due process claim that the information fails to inform him of the time, place, and mode of commission in actuality is an argument concerning the credibility of the state's witnesses and the sufficiency of the state's case in chief. Second, regarding the double jeopardy claim, the defendant is protected as a matter of law from another prosecution for the same offense during the time period alleged in the information. Beamon, 298 So.2d 376. Consequently, the defendant has failed to demonstrate any prejudice to his cause resulting from the time frame alleged.
Accordingly, it was error to dismiss the information.
REVERSED.
NOTES
[1] The state's notice of appeal is from the "Order of Dismissal" and the "Order on Defendant's Motion to Disqualify Witness". However, the state has not addressed the incompetency order in the appeal now before us. Neither has the state sought review of that order by means of common law certiorari. See State v. Pettis, 520 So.2d 250 (Fla. 1988).