569 So.2d 492 (1990)
STATE of Florida, Appellant,
v.
Ray YZAGUIRRE, Appellee.
No. 89-03484.
District Court of Appeal of Florida, Second District.
October 5, 1990.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Carol M. Dittmar, Asst. Atty. Gen., Tampa, for appellant.
Francis W. Sams, Naples, for appellee.
FRANK, Acting Chief Judge.
The central question before us in this capital sexual battery matter, arising from acts alleged to have been engaged in by Yzaguirre with his minor natural daughter, is whether the trial court erred in dismissing Count II of an amended information alleging that the crimes occurred in periods from March 10, 1968 to March 10, 1970 and March 10, 1970 to March 10, 1971. The trial court dismissed the amended information finding it vague and indefinite. We reverse and remand.
A hearing was conducted on August 7, 1989, at which the time specificity of the instant information was raised before the trial court. On that occasion, the state announced that it would "make an effort to narrow" the periods when the illegal acts occurred. Thereafter, but prior to a hearing held on December 13, 1989, the then adult daughter was deposed and examined at length with respect to when the illicit behavior took place, but she was unable to fix exact dates. At the December 13 hearing, Yzaguirre's attorney sought a more definite statement of the times when the crimes were committed. The state, in reliance upon the daughter's deposition, contended that the state had "done all it can to narrow the time frames within the charges." See State v. Belton, 468 So.2d 495 (Fla. 5th DCA 1985).
Based upon the record before us, dismissal of the amended information can rest only upon a finding that the state, contrary to its representations, failed to exhaust avenues of inquiry which may have produced more precise dates identifying the periods of Yzaguirre's alleged criminal conduct. See Knight v. State, 506 So.2d 1182 (Fla. 5th DCA 1987). "It is proper for the trial court to dismiss an information on the basis of time frame specificity when the state had the ability to be more specific but failed to do so." State v. Jones, 539 So.2d 535, 537 (Fla. 3d DCA 1989).
In reaching our resolution of this matter, we are not unmindful that our supreme court has determined that "time is not ordinarily a substantive part of an indictment or information and there may be a variance between the dates proved at trial" and those that are alleged in the charging instrument. Tingley v. State, 549 So.2d 649 (Fla. 1989). Here, however, because of the many years which have elapsed between *493 the alleged periods when the crimes were alleged to have been committed and the filing of the amended information, we cannot say with any degree of certainty that Yzaguirre will not be "hampered in preparing his defense." Id. at p. 651.
Thus, on balance, if in fact the state exhausted its ability to define actual or reasonably approximate dates with respect to when the crimes were committed, the information should not have been dismissed. If, on the other hand, the state failed to undertake narrowing the periods, dismissal was appropriate.
Accordingly, we remand this matter for the conduct of a hearing the purpose of which is to ascertain whether the state was able to develop through available means, in addition to taking the victim's deposition, greater certainty of the crimes' dates. If the trial court finds that the state has exercised reasonable and meaningful efforts in seeking to attain specific dates, the trial court is directed to vacate its order dismissing the information.
PARKER and PATTERSON, JJ., concur.