592 So.2d 338 (1992)
STATE of Florida, Appellant,
v.
David DELL'ORFANO, Appellee.
No. 90-0955.
District Court of Appeal of Florida, Fourth District.
January 8, 1992.
Rehearing and Clarification Denied February 14, 1992.
*339 Robert A. Butterworth, Atty. Gen., Tallahassee, John M. Koenig, Jr. and Sarah B. Mayer, Asst. Attys. Gen., West Palm Beach, for appellant.
Joseph Degance of Joseph Degance, P.A., Fort Lauderdale, for appellee.
STONE, Judge.
We reverse a final order dismissing an information charging Dell'Orfano with sexual battery and other counts of assault on a child. The appellee is the victim's father. The information initially charged that the incidents occurred over a three year time period. The state later reduced this time frame to the 2 1/2 years between January 1, 1986 and June 30, 1988.
The state asserted that it was unable to narrow the time frame more specifically. The trial court accepted this representation, and that a good faith effort was made to do so, for the purpose of resolving the motion to dismiss on the face of the information.
The defendant argues that the information must be dismissed because the time frame is so broadly charged as to embarrass him in preparing a defense, such as alibi, and subjects him to the risk of a subsequent prosecution for the same offense. Florida Rule of Criminal Procedure 3.140(d)(3) requires that the time be alleged as specifically as possible. And Rule 3.140(o) authorizes dismissal if the information is:
[S]o vague, indistinct and indefinite as to mislead the accused and embarrass him in the preparation of his defense or expose him after conviction or acquittal to substantial danger of a new prosecution for the same offense.
In State v. Bandi, 338 So.2d 75 (Fla. 4th DCA 1976), cert. denied, 344 So.2d 323 (Fla. 1977), this court set aside a trial court order dismissing an information that had initially charged an indecent assault occurring over a term of ten months that was reduced by the state to a four month time frame. There, as here, the state represented that the time period could not be further refined. The court stated:
Here involved is not the issue of granting a bill of particulars but the quality of compliance. It is not necessary that the exact date of the offense be alleged. See State v. Beamon, 298 So.2d 376 (Fla. 1974). It is our opinion the State has complied with both the requirement of the bill and the requirement of due process. We do not believe the State has the burden of showing what it has done toward narrowing the time requirement. We are further of the opinion that the exact time is not an element of an offense and defendant can not so make it by presenting a "possible" defense of alibi.
See also Tingley v. State, 549 So.2d 649 (Fla. 1989); Lightbourne v. State, 438 So.2d 380 (Fla. 1983), cert. denied, 465 U.S. 1051, 104 S.Ct. 1330, 79 L.Ed.2d 725 (1984).
In State v. DeBianchi, 538 So.2d 984 (Fla. 4th DCA 1989), however, this court did uphold an order dismissing an indictment charging nine counts of sexual battery. The brief opinion in that appeal simply repeated the language of rule 3.140(o) quoted above and added that our affirmance was without prejudice to the right of the state to obtain a new indictment upon more certain time periods. The trial court in this case relied upon DeBianchi, and also considered Goble v. State, 535 So.2d 706 (Fla. 5th DCA 1988), State v. Garcia, 511 So.2d 714 (Fla. 2d DCA 1987), and Knight v. State, 506 So.2d 1182 (Fla. 5th DCA 1987), in concluding that a dismissal of an information under these circumstances is required. Although we would not normally go behind the DeBianchi opinion to review the record in that case, it is necessary that we do so here as that record was used by the trial court in resolving the issue at the hearing in this case. The nature of the charges in DeBianchi were similar to those here. Some of the multiple counts covered a six year time frame, others covered a 4 1/2 year period. The trial court in DeBianchi weighed the evidence presented and found as a fact that the state could have narrowed the time *340 frame further but had elected not to do so.[1] This court in DeBianchi did not address the issue presented in this appeal, whether the information must be dismissed because of the length of the time frame even if the state in good faith has narrowed that time as specifically as could be reasonably expected considering the information available to the state.
In Knight, the defendant was charged with crimes similar to those alleged here over periods of four years, three years, and ten months in separate counts. The state had declined to narrow the longer time periods although it did reduce the time in the ten month count to three months. Although the victim in Knight was able to recall various events in relation to her grade in school at the time, the state made no effort to correlate the time frames to the victim's testimony. In dismissing the counts involving the longer time periods the Knight court added a comment that no reported Florida case had ever upheld such "indefinite" time periods in a charge, and that to do so "eviscerates" rule 3.140(d)(3).
In Garcia, a trial court dismissal of an information was upheld in a similar case involving a two year time frame. In that case the trial court found from the evidence that the state could be "substantially more specific than it has been in either the information or the bill of particulars responded to which simply repeats the date set forth in the information." And in Goble the court, relying on Knight, ordered the discharge of the defendant, charged with committing a sexual battery within a 2 1/2 year time frame, because of the length of the time period alleged.
The trial court in this case acknowledged a concern that there were no analogous cases favorable to the state involving this lengthy a time frame. The trial court concluded that the law mandates dismissal even in the absence of a more specific showing that the defendant would be hampered in preparing a defense or be subjected to double jeopardy. Considering the issue as one of law, the trial court concluded that this time span was, per se, unreasonably prejudicial even if the defense argument of prejudice is entirely speculative.
However, we conclude that the length of the time frame is not the sole criteria on which a dismissal of the information may be based. Exclusive of the dicta in Knight, apparently followed by the court in Goble, we find nothing in DeBianchi, Knight, or Garcia inconsistent with our upholding this information, provided that the trial court has first found that the state made a good faith effort to further narrow the time period.
Nothing in this record, or in any of the cited cases compels a conclusion that although a defendant can be expected to recall helpful matters occurring within a six, nine, or twelve month time frame, he cannot be expected to do so over a longer time frame. We also note that the caselaw relied upon by appellee does not even consider the length of time that may have passed between the commission of the crime and the filing of the information.
On the other hand, in State v. Yzaguirre, 569 So.2d 492 (Fla. 2d DCA 1990), the court reversed an order dismissing an information alleging sexual batteries on the defendant's minor child over a period between March 10, 1968 to March 10, 1970, and a period from March 10, 1970 to March 10, 1971. In 1989, the then adult daughter was deposed and was unable to assist in narrowing the dates further. The state asserted that it had "done all it can to narrow the time frames within the charges." Id. at 492. The Second District recognized that despite the lengthy period between the events and the amended information, dismissal "can rest only upon a finding that the state, contrary to its representations, failed to exhaust avenues of inquiry which may have produced more precise dates... ." Id. at 492. The opinion concluded that the trial court must vacate its order dismissing the information if it *341 finds that the state has "exercised reasonable and meaningful efforts in seeking to attain specific dates... ." Id. at 493.
The court in Yzaguirre, relied, in part on State v. Jones, 539 So.2d 535 (Fla. 3d DCA 1989). In Jones, the defendant was charged with two counts of sexual battery on a child over a one year period. The victim could state only that the incidents occurred "when she was five." The trial court dismissed the information despite a finding that the state in good faith had alleged the dates with as much particularity as possible. The Third District opinion reviewed several cases, including Garcia and Knight in recognizing that the focus of the decisions is on the state's efforts to narrow the time frame and whether there is a showing of prejudice. But, concerning general allegations of assumed prejudice the court stated:
We are thus left to address the defendant's claims that he is prejudiced by the information. He argues that the information denies him due process because it is inadequate to enable him to prepare a defense. He further contends that it exposes him to the possibility of multiple prosecutions for the same offenses. We find no merit in these claims. First, his due process claim that the information fails to inform him of the time, place, and mode of commission in actuality is an argument concerning the credibility of the state's witnesses and the sufficiency of the state's case in chief. Second, regarding the double jeopardy claim, the defendant is protected as a matter of law from another prosecution for the same offense during the time period alleged in the information. Beamon, 298 So.2d 376. Consequently, the defendant has failed to demonstrate any prejudice to his cause resulting from the time frame alleged.
Courts in other states have also rejected efforts to mandate dismissal of charges under similar circumstances. E.g., Johnson v. State, 198 Ga. App. 520, 402 S.E.2d 115 (1991); Commonwealth v. Bethlehem, 391 Pa.Super. 162, 570 A.2d 563 (1989), appeal denied, 525 Pa. 610, 577 A.2d 542 (1990); State v. Wilcox, 808 P.2d 1028 (Utah 1991).
We observe that the application of a per se rule would mandate reversal in cases where proof is evident, even where there are admissions and confessions, independent witnesses, positive chemical analysis, or cases in which the disputed issues do not question the occurrence of incidents but only their details. We discern no basis for concluding that a defendant's rights, under the rules or due process, are violated where the state in good faith has framed the time as narrowly as reasonably possible and the defendant has failed to demonstrate to the court's satisfaction that specific prejudice resulted. Bandi; Yzaguirre; Jones. We find nothing in DeBianchi, Knight and Garcia inconsistent with this opinion, other than the one sentence of dicta in Knight. We certify conflict with the apparently differing conclusion in Goble.
Therefore, we reverse the final order and remand for further proceedings.
GUNTHER, J. and JAMES H. WALDEN, Senior Judge, concur.
NOTES
[1] From this court's records in DeBianchi it also appears that the trial court in that case has made a finding that the children could remember the acts in relation to certain houses and people, the parents' separation and divorce, and the defendant's remarriage. The record also shows that no statement of particulars had been filed by the state.