616 So.2d 33 (1993)
David DELL'ORFANO, Petitioner,
v.
STATE of Florida, Respondent.
No. 79506.
Supreme Court of Florida.
March 25, 1993.
*34 Joseph DeGance, Ft. Lauderdale, for petitioner.
Robert A. Butterworth, Atty. Gen., Joan Fowler, Sr. Asst. Atty. Gen. and Sarah B. Mayer, Asst. Atty. Gen., West Palm Beach, for respondent.
KOGAN, Justice.
We have for review State v. Dell'Orfano, 592 So.2d 338 (Fla. 4th DCA 1992), based on certified conflict with Goble v. State, 535 So.2d 706 (Fla. 5th DCA 1988). We have jurisdiction. Art. V, § 3(b)(4), Fla. Const.
David Dell'Orfano was charged by information with one count of sexual battery on a person less than twelve years of age and three counts of lewd and lascivious assault. The information stated only that the offenses occurred "on one or more occasions between the 1st day of August, A.D. 1985 and the 30th day of June, A.D. 1988 inclusive."
Dell'Orfano filed a motion for statement of particulars and a motion to dismiss. He alleged that the thirty-five month time span was too vague to permit an adequate defense and might lead to impermissible multiple *35 prosecutions for the same offense. At the subsequent hearing, the state narrowed the time frame to a twenty-seven month period from January 1986 through June 30, 1988. The trial court ruled this was too broad and dismissed the information.
The district court reversed but certified conflict with Goble. The Goble court had ordered the discharge of a defendant charged with committing a sexual battery within a two and one-half year time frame. See Dell'Orfano, 592 So.2d at 340.
The present case poses two conflicting public policy concerns that the Court must reconcile. First is the strong interest in eliminating the sexual abuse of children through vigorous enforcement of child-abuse laws. We recognize that young children often are unable to remember the specific dates on which they were abused. Second is the strong interest of defendants in being apprised of the charges against them such that they can prepare an adequate defense. The latter concern has been codified to some extent in Florida Rules of Criminal Procedure 3.140(d)(3) and 3.140(o), although there also is a due-process basis for it. Art. I, § 9, Fla. Const.
Put another way, the problem in cases of this type, as the trial court noted below, is "How long is too long?" There is some temptation to adopt a bright-line rule. Some lower courts appear to have adopted such a rule by suggesting that a period longer than a certain minimum is too indefinite. Goble; Knight v. State, 506 So.2d 1182 (Fla. 5th DCA 1987). However, we believe bright-line rules will not always lead to correct results. By way of example, common sense dictates that admitted wrongdoing should not be shielded from prosecution merely because the State is unable to provide greater specificity in an information or indictment. However, a multi-year period clearly would be excessive where the State is able to narrow the time-frame further but simply refuses to do so in the charging instrument, in a statement of particulars, or during discovery.[1]
Accordingly, we believe a trial court on a proper motion is required to dismiss an information or indictment involving lengthy periods of time[2] if the State in a hearing cannot show clearly and convincingly that it has exhausted all reasonable means of narrowing the time frames further.[3] Where such showing is made, the burden then shifts to the defendant to show that the defense more likely than not will be prejudiced by the lengthy time frame.[4]
On this last point, defendants are entitled to present evidence and argument showing that the charges as framed will hinder an ability to raise defenses such as alibi. Art. I, § 9, Fla. Const. For example, suppose some defendants can show that they were in prison or were out of the country on military duty during a substantial portion of the period of time charged in an information.[5] We agree with the Ohio court in *36 State v. Gingell, 7 Ohio App.3d 364, 455 N.E.2d 1066, 1071 (1982), that such defendants would be prejudiced in presenting their alibi defenses if the State is unable to further narrow the period of time charged.
The same logic applies to the defense's ability to refute any element of the charged offense. This could occur, for example, where any charged offense could not result in conviction if that offense was found to have occurred on at least one or more of the dates encompassed within the time period. Some Florida crimes are defined in terms of the victim's age. If the victim did not meet the age requirement for any one or more days during the period of time charged, then the defendant will be prejudiced in preparing a defense if the State cannot further narrow the time frame. Id.
However, the trial judge will have discretion to discount the defense's argument regarding prejudice where it appears unreasonable, e.g., where it appears to be poorly supported or contradicted by other admissible evidence including confessions or admissions. Of course, the court's ruling in this regard in no sense restricts the defense's ability later at trial to present available defenses, however poorly supported they may seem to the court, provided those defenses otherwise are admissible.
Obviously, our holding today will permit at least some prosecutions based on charging instruments involving lengthy periods of time. As Dell'Orfano noted in his arguments below, this creates a risk of improper multiple prosecutions for the same offense, possibly violating the prohibition against double jeopardy. Art. I, § 9, Fla. Const.
We believe that risk can be eliminated by a simple presumption: After a defendant has been acquitted or convicted of any offense that was or could have been the subject of a hearing as provided above, a double jeopardy violation will be presumed when the State attempts a successive prosecution, to the extent that prosecution involves the same defendant, and the same crimes[6] against identical victims,[7] and periods of time overlapping or subsumed within those periods included in the prior charging instrument.[8] Art. I, § 9, Fla. Const.
To overcome the presumption the State must clearly and convincingly demonstrate that the newly charged offenses are genuinely distinct from those previously charged. In this regard, the State's due diligence may be an issue in close cases. Thus, wherever there is doubt that the State has met its burden, the trial court must find a double jeopardy bar if it also concludes that the State either was aware of or could have discovered the newly charged offenses through due diligence in the first prosecution. However, lack of due diligence would not be dispositive where the State clearly and convincingly can demonstrate distinctness of the offenses. Id.
We find that the hearing conducted by the trial court below did not conform to the above requirements. In particular, the State expressly argued that the trial court could not rule as it did because "[t]here hasn't been any showing by the defendant ... that his defense would be hampered." We agree with the State's observation that the trial court incorrectly applied a per se rule of reversal based entirely on the length of time involved here. Accordingly, we approve the result reached below and remand to the trial court for further proceedings *37 consistent with this opinion.[9] We disapprove Goble and Knight to the extent they are inconsistent with this opinion.
It is so ordered.
OVERTON, McDONALD, SHAW, GRIMES and HARDING, JJ., concur.
BARKETT, C.J., concurs with an opinion.
BARKETT, Chief Justice, concurring.
I agree that the issue presented here generally should be a factual one and not a matter of law. A time period of this length may or may not hinder the presentation of a defense, depending, among other things, on the nature of the crime charged and the circumstances of the case. I therefore agree that this case should be remanded for factual assertions and findings.
NOTES
[1] Obviously, if the State knows the specific date on which an offense occurred, the State must provide that information when ordered to give a statement of particulars. Fla.R.Crim.P. 3.140(n).
[2] We also do not adopt a bright-line test as to when a period of time is so "lengthy" as to require a hearing. Rather, a defendant would be entitled to a hearing on the issue where counsel makes allegations in a proper motion that, if true, would support the existence of prejudice in preparing a defense attributable to the length of time stated in the charging instrument.
[3] Obviously, where the State wishes to do so, it should be given an opportunity to provide discovery, give a statement of particulars, or amend the charging instrument as otherwise allowed by law or rules of court before the trial court dismisses the case.
[4] Nothing in this opinion should be read to apply to continuing offenses such as conspiracies that by their very nature are spread out over long periods of time, provided there is a sufficient match between the probable duration of the continuing offense and the period of time stated in the charging instrument. We are concerned here solely with those instances in which the period in the charging instrument is lengthier than the time needed to complete the offense in question, where the length of time also may prejudice the defense.
[5] The fact that a defendant may advance an alibi of short duration will not necessarily be dispositive where it is clear the defendant had access to the victim throughout the time periods in question, such as where both resided in the same house at all relevant times.
[6] Acquittal or conviction of a prior lesser offense will raise a double jeopardy bar where the State, based on the same criminal act, then tries to prosecute the same defendant for a greater offense subsuming the earlier crime. Greene v. City of Gulfport, 103 So.2d 115, 116-17 (Fla. 1958).
[7] Obviously, there would be no bar for prosecution if the victims were different. Identity of victims would be irrelevant in victimless crimes.
[8] There would be no bar to prosecution of offenses that do not overlap and are not subsumed within the times stated in the earlier charging instrument.
[9] Our remand is without prejudice for the parties to raise anew any and all issues relevant to the matters outlined above.