PER CURIAM.
Appellant, an inmate of the state correctional system, seeks review of a final order denying his motion for post-conviction relief, filed pursuant to Florida Rule of Criminal Procedure 3.850. We affirm that order as to all issues raised, except one.
Appellant claims that his trial counsel was ineffective because he failed to object to a third amended information filed only three days before the commencement of trial. More particularly, appellant alleges that the third amended information charged that he had committed seven offenses “during August 1992 or September 1992.” According to appellant, the state deliberately alleged that the offenses had been committed during a 2-month period to frustrate any alibi defense. Further, appellant asserts that, because trial counsel failed to object, he was deprived of the opportunity to present a meaningful alibi defense.
We conclude that such allegations are sufficient to require the trial court either to attach to its order portions of the record conclusively showing that appellant is entitled to no relief, or to hold an evidentiary hearing. See generally Dell’Orfano v. State, 616 So.2d 33 (Fla.1993) (discussing applicable procedure when information or indictment is challenged because it alleges offense was committed at some time within a broad or indefinite period). The portions of the record attached by the trial court to its order do not show conclusively that appellant is entitled to no relief as to this issue. Accordingly, we reverse that order as to this issue only, and remand with directions that the trial court hold an evidentiary hearing. As to all of the other issues raised, the order is affirmed.
*238 AFFIRMED IN PART; REVERSED IN PART; and REMANDED, with directions.
WOLF, WEBSTER and LAWRENCE, JJ., concur.