IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FIFTH DISTRICT

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

CHRIS FOSTER,

      Appellant,

 v.                             Case No.  5D17-3103

STATE OF FLORIDA,

      Appellee.

_____/

Opinion filed March 2, 2018

3.850 Appeal from the Circuit
Court for Lake County,
Don F. Briggs, Judge.

Chris Foster, Crawfordville, pro se.

Pamela Jo Bondi, Attorney General,
Tallahassee, and Robin A. Compton,
Assistant Attorney General, Daytona
Beach, for Appellee.


PER CURIAM.

Chris Foster appeals the summary denial of Grounds One, Six, Seven, Eight, Ten,

Eleven, and Twelve of his amended motion for postconviction relief filed pursuant to

Florida Rule of Criminal Procedure 3.850.  After careful consideration, we affirm the

summary denial of Grounds One, Seven, Eight, Ten, and Twelve without further

discussion.

In Grounds Six and Eleven, Foster alleges that ineffective assistance of counsel prejudiced him and claims that he pled guilty to Count III, possession of a firearm by a convicted felon, based on the advice of counsel, despite the fact that the State had filed an amended information which did not include that charge. The State asserted that its intention was to simply sever that charge for a later trial; however, amending an information by deleting a charge has the same legal effect as entering a nolle prosequi. *See State v. Belton*, 468 So. 2d 495, 497 (Fla. 5th DCA 1985). Foster claims that if counsel had advised him that the State dropped Count III, he would not have stopped his trial nor pled guilty to that count.

In the plea colloquy, Foster acknowledges that he is pleading guilty to Count III; however, that does not sufficiently address what advice counsel provided and whether Foster relied on that advice to his detriment. Accordingly, we find that the documents attached to the order summarily denying Grounds Six and Eleven do not conclusively refute those grounds. We remand for the postconviction court to either attach records that conclusively refute those grounds or conduct an evidentiary hearing regarding Grounds Six and Eleven.

AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.

PALMER, EVANDER, and EDWARDS, JJ., concur.

2