# Third District Court of Appeal

## State of Florida

Opinion filed August 6, 2025.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D25-0241
Lower Tribunal No. F88-17762
_____

**Jorge C. Pagan,**
Petitioner,

vs.

**Ricky Dixon, Secretary, et al.,**
Respondents.

A Case of Original Jurisdiction – Habeas Corpus.

Jorge C. Pagan, in proper person.

James Uthmeier, Attorney General, and Kayla Heather McNab, Assistant Attorney General, for respondent, The State of Florida.

Before LINDSEY, BOKOR, and GOODEN, JJ.

PER CURIAM.

After filing a direct appeal and several appeals of denials of post-conviction motions, Petitioner Jorge Castro Pagan seeks a writ of habeas corpus attacking his 1990 conviction for two counts sexual battery on a minor and two counts of lewd and lascivious assault on a child. See Pagan v. State, 599 So. 2d 744 (Fla. 3d DCA 1992), rev. denied 613 So. 2d 7 (Fla. 1992); Pagan v. State, 668 So. 2d 620 (Fla. 3d DCA 1996); Pagan v. State, 160 So. 3d 442 (Fla. 3d DCA 2015). Pagan asserts that there was no probable cause for his arrest, the information was deficient, and insufficient evidence to support his conviction.

But "habeas corpus is not a vehicle for obtaining additional appeals of issues which were raised, or should have been raised, on direct appeal or which were waived at trial or which could have, should have, or have been, raised in rule 3.850 proceedings." White v. Dugger, 511 So. 2d 554, 555 (Fla. 1987). It is not intended as a second appeal or a substitute for the appropriate motion under the Florida Rules of Criminal Procedure. Breedlove v. Singletary, 595 So. 2d 8, 10 (Fla. 1992). Accordingly, we dismiss the petition. Baker v. State, 878 So. 2d 1236, 1241 (Fla. 2004); La-Casse v. Inch, 307 So. 3d 921, 923 (Fla. 3d DCA 2020).

Petition dismissed.