590 So.2d 993 (1991)
STATE of Florida, Appellant,
v.
David Peter THERIAULT, Appellee.
Nos. 90-1353, 91-109.
District Court of Appeal of Florida, Fifth District.
December 5, 1991.
*994 Robert A. Butterworth, Atty. Gen., Tallahassee, and James N. Charles, Asst. Atty. Gen., Daytona Beach, for appellant.
R. Blaise Trettis, Merritt Island, for appellee.
DIAMANTIS, Judge.
This is an appeal from two orders entered by the trial court granting appellee's separate motions to dismiss the informations filed in these cases. In the first case, number 90-1353, the trial court dismissed an amended information and discharged appellee because the state purportedly filed false statements of particulars. In the second case, number 91-109, the trial court dismissed the cause for lack of subject matter jurisdiction. We reverse both orders.
On January 29, 1990, the state filed a fourteen count information against appellee charging him with seven counts of lewd and lascivious acts upon a child,[1] three counts of sexual battery,[2] and four counts of sexual activity with a child by a person in familial or custodial authority.[3] Several of the counts were broad in time in that they exceeded a one-year time frame.
On May 15, 1990, appellee filed a demand for speedy trial in which he claimed that "he is available for trial, has diligently investigated his case, and is prepared, or will be prepared for trial, within five days."
After having filed two statements of particulars, the state, on June 5, 1990, filed an amended information containing eighteen counts. Specifically, the amended information alleges five counts of lewd and lascivious acts in the presence of a child,[4] five counts of sexual battery,[5] and eight counts of sexual activity with a child.[6] This information now narrowed the time frames for each count in that no count averred a time interval of more than one year; however, each count alleged a time period of several months.
On June 13, 1990, the state filed a motion for continuance. In the motion the state explained that appellee's speedy trial run date was July 17, 1990. The court then conducted a hearing on appellee's first motion to dismiss which claimed that dismissal was required because the time periods set forth in the original information were too broad. The trial court recognized that an amended information had been filed by the state and stated that the amended information complied with pleading requirements as to the time periods. The trial court then granted the state's request for a continuance and set the case for trial on the court's June 15th docket.
On June 18, 1990, appellee filed a subsequent motion to dismiss and, in that motion, alleged:
it is obvious that the state has long had the ability to narrow the statement of particulars but has refused to do so. The state has deliberately interfered with the defendant's ability to prepare for trial. Six months after arrest, after the defendant had demanded a speedy trial, and in the face of an adverse ruling by the court, the state has filed an Amended Information that will require the defendant to begin his trial preparation from scratch.
Appellee alleged further that, pursuant to rule 3.140 of the Florida Rules of Criminal Procedure, dismissal of the information was proper because of the bad faith engaged in by the state. In the alternative, appellee requested a continuance of the case without a waiver of his speedy trial rights.
The trial court conducted a hearing on these two motions. At the hearing appellee presented the testimony of the victim.[7] The victim was able to specifically recount certain incidents of abuse. The victim further *995 testified that she was capable of informing the state attorney of the abuse within time periods of a couple months.
The prosecutor then attempted to justify the state's procedure in this case. At first, the prosecutor indicated that at the time the initial information was filed the victim was unable to narrow down the time periods of abuse but that through counseling the victim has become increasingly more informative and specific about the abuse. The prosecutor further explained that at an earlier motion to dismiss hearing a substitute prosecutor appeared and was instructed to advise the court and defense counsel that the state could narrow the time periods set out in the information by filing an amended information, however, such information had not been related to the court. The prosecutor then stated that she was prepared to file a second amended information covering the entire time period with counts that are in six-month increments. The court then queried "I think what you're telling me though is that you were able to do that from day one, right?" The prosecutor responded "As far as numerous count information pretty much, yes sir, because [the victim] could tell me when it started and that it happened continuously."
The court noted that the speedy trial date (July 17, 1990) was approaching and that its next trial period was not scheduled to begin until July 30, 1990. The trial court then entered an order granting appellee's motion to dismiss and discharged appellee from custody. The court concluded that dismissal of the information was the proper sanction to be imposed upon the state due to the state's deliberate violation of the rules of discovery.
The state initially contends that the trial court erred in requiring the pertinent time periods be alleged in a time frame not to exceed one year and that error resulted in an erroneous order of dismissal.[8] However, a careful reading of the trial court's order reveals that resolution of this issue is not relevant to the consideration of this appeal because the order of dismissal was based on the fact that the state had violated the rules of discovery by filing false statements of particulars which stated vague and broad time periods of the offenses set forth in the information when the state had the ability to narrow the applicable time periods.
Florida Rule of Criminal Procedure 3.140(d)(3) requires that an information contain allegations stating, as definitely as possible, the time and place of the commission of the offense charged. Paragraph (n) of that rule requires that, upon the defendant's motion for a statement of particulars, the state shall specify as definitely as possible the place, date, and all other material facts of the crime charged that are known to the prosecuting attorney in order to sufficiently enable the defendant to prepare his defense. Rule 3.220(n) authorizes the trial court to dismiss an information as a sanction for the state's failure to comply with the rules of discovery.
Dismissal of an information against a defendant is, however, an extreme *996 sanction and one that should be utilized with caution and only when a lesser sanction would not accomplish the desired result. State v. Del Gaudio, 445 So.2d 605 (Fla.3d DCA), rev. denied, 453 So.2d 45 (Fla. 1984); State v. King, 372 So.2d 1126 (Fla.2d DCA 1979), cert. denied, 385 So.2d 758 (Fla. 1980). Before dismissing an information for a prosecutor's violation of a rule of discovery the trial court must find that the prosecutor's violation resulted in prejudice to the defendant. Richardson v. State, 246 So.2d 771 (Fla. 1971). Prejudice means something which affects the ability of the defendant to properly prepare for trial. Leeman v. State, 357 So.2d 703 (Fla. 1978).
The trial court in this case concluded that the state violated the rules of discovery by failing to set forth in the information, the amended information, and the statement of particulars, more specific time frames in which the alleged sexual abuse occurred when the state had the ability to be more specific. The trial court also found that these violations were willful. The record contains sufficient evidence to support these findings. The trial court further found that appellee had suffered actual prejudice as a result of the prosecutor's misconduct. We conclude that the record does not support this finding of prejudice.
The hearing on appellee's motion to dismiss was conducted on June 21, 1990. At the hearing, defense counsel objected to the state's request for permission to file a second amended information the next day, arguing that if the state was permitted to file a second amended information he would be unable to adequately prepare for trial by that date. The trial court, after noting that its next trial date was July 30, 1990 (two weeks after defendant's speedy trial date was set to run), accepted appellee's claim that he would not be able to adequately prepare for trial on a second amended information on or before July 17, 1990 and dismissed the charges.
By filing his demand for speedy trial on May 15, 1990, appellee represented that he was ready or would be ready in five days to go to trial. At the June 21, 1990 hearing the prosecutor stated that she was prepared to file a second amended information which would cover the entire period with counts that would not exceed time increments of six months. Although appellee argued that he would be unable to prepare an adequate defense to a second amended information such a claim was mere speculation inasmuch as appellee did not actually know what allegations would be set forth by the state in the second amended information. Without having the second amended information before it, the trial court could only speculate as to whether appellee would be prejudiced in preparing his defense. Of course, if the state filed any counts beyond the time parameters set forth in the original or amended information, the trial court could have determined whether appellee was prejudiced by the filing of such counts and take appropriate action as to these counts.
We note that the trial court had alternative means of sanctioning the prosecutor for her violation of the rules of discovery. See Fla.R.Crim.P. 3.220(n)(1). For example, the trial court could have granted appellee's alternative request to continue his trial without a waiver of his speedy trial rights and set the trial prior to the July 17, 1990 run date. We would point out that any willful violation by counsel of an applicable discovery rule or an order issued pursuant thereto may subject counsel to appropriate sanctions. See Fla. R.Crim.P. 3.220(n)(2). This rule authorizing the imposition of sanctions for a discovery violation was, however, "never intended to furnish a defendant with a procedural device to escape justice." Richardson v. State, 246 So.2d at 774. In other words, where the state's failure to make discovery has not irreparably prejudiced the defendant, the sanction of dismissal punishes the public, not the prosecutor, and results in a windfall to the defendant. State v. Del Gaudio, 445 So.2d at 608.
Because we conclude that appellee failed to establish that he suffered actual prejudice as a result of the state's misconduct, we reverse the order of dismissal in case *997 no. 90-1353. We remand this case to the trial court with instructions to proceed to trial because appellee, in his demand for speedy trial, has indicated that he is ready to go to trial or, if the state elects to amend, to allow the state to file a second amended information.
As noted above, the trial court dismissed the information filed in case number 91-109 for lack of subject matter jurisdiction. The trial court concluded that the appeal in the first case divested it of subject matter jurisdiction in the second case. Because we have reversed the order of dismissal in the first case, the second order of dismissal must also be reversed and that cause reinstated. It is not necessary for us to reach the question of whether the court's ruling on the matter was error and we express no opinion on this issue.
Accordingly, we reverse the orders of dismissal in both cases and remand these cases to the trial court for proceedings consistent with this opinion.
REVERSED and REMANDED.
COBB and GRIFFIN, JJ., concur.
NOTES
[1] § 800.04(1), Fla. Stat. (1985).
[2] § 794.011(2), Fla. Stat. (1985).
[3] § 794.041(2)(b), Fla. Stat. (1985).
[4] § 800.04(1), Fla. Stat. (1984).
[5] § 794.011, Fla. Stat. (1987).
[6] § 794.041, Fla. Stat. (1988).
[7] At no time prior to this date did appellee attempt to take the victim's deposition.
[8] The state argues that Tingley v. State, 549 So.2d 649 (Fla. 1989), approving Tingley v. State, 495 So.2d 1181 (Fla. 5th DCA 1986) overruled our prior decisions of Goble v. State, 535 So.2d 706 (Fla. 5th DCA 1988) and Knight v. State, 506 So.2d 1182 (Fla. 5th DCA 1987). Because of our holding, we are not required to address this argument, but we do note that Tingley involved an information where the offenses were set forth in time periods of less than a year and were amended by way of a subsequent bill of particulars which amended the dates of the offenses in time periods which were also less than one year. The court in Tingley held that this subsequent bill of particulars was not an impermissible amendment which voided the indictment. In Goble and Knight, the time periods of the offenses covered a substantial time interval far in excess of one year. In Goble, the time period was in excess of 2 1/2 years and in Knight the time periods involved in two of the offenses were 4 years and over 3 years. A resolution of whether the stated time period is proper may turn on whether the state exhausts its ability to define actual or reasonably approximate dates with respect to when the offenses were committed unless the court can say with any degree of certainty that the defendant will not be "hampered in preparation of his defense." State v. Yzaguirre, 569 So.2d 492, 493 (Fla.2d DCA 1990). We have also considered the cases of Tucker v. State, 459 So.2d 306 (Fla. 1984) and State v. Waters, 436 So.2d 66 (Fla. 1983) upon which the state relies. These two cases are not applicable because they do not specifically deal with the matter of time periods.