622 So.2d 174 (1993)
STATE of Florida, Appellant,
v.
Robert Leroy THOMAS, Appellee.
No. 92-2113.
District Court of Appeal of Florida, Fifth District.
August 13, 1993.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Bonnie Jean Parrish, Asst. Atty. Gen., Daytona Beach, for appellant.
James B. Gibson, Public Defender, and S.C. Van Voorhees, Asst. Public Defender, Daytona Beach, for appellee.
DIAMANTIS, Judge.
The State of Florida appeals the trial court's order dismissing the information against appellee Robert Leroy Thomas. The trial court dismissed the information because it concluded that the state's response *175 to the court's discovery order failed to comply with the order, hindered the administration of justice, and prejudiced Thomas in the preparation of his defense. Because we conclude that the trial court abused its discretion when it imposed the extreme sanction of dismissal, we reverse the order of dismissal and remand for further proceedings.
The state filed an information charging Thomas with burglary in violation of sections 810.02(1) and 810.02(3), Florida Statutes (1991), in that Thomas unlawfully entered or remained in a dwelling, the property of two named individuals, with the intent to commit an offense therein. Subsequently, the trial court granted Thomas's motion for a statement of particulars and ordered the state to provide, within five days, a specific description of the crime which Thomas intended to commit inside the subject dwelling. Rather than specifying a particular offense, the state filed an exhaustive list of offenses which Thomas possibly could have intended to commit:
Assault, Battery, Arson, Sexual Battery, Murder, Aggravated Assault, Aggravated Battery, Kidnapping, False Imprisonment, Unnatural and Lascivious Act, Exposure of Sexual Organs, Lewd, Lascivious or Indecent Assault or Act Upon or in the Presence of a Child, Aggravated Child Abuse, Theft.
Thomas responded with a motion to dismiss which the trial court, in understandable frustration, granted for the reasons previously indicated.
We agree with the state's contention that the trial court abused its discretion in utilizing the extreme sanction of dismissal absent evidence that Thomas suffered actual prejudice as a result of the state's failure to comply with the trial court's specific requirements regarding the statement of particulars. This case is controlled by our decision in State v. Theriault, 590 So.2d 993 (Fla. 5th DCA 1991).
In Theriault, the trial court dismissed the state's information based upon the court's finding that the prosecutor had willfully violated the rules of discovery by failing to set forth in the state's information or statement of particulars more specific time frames in which the alleged offense occurred. While agreeing that Florida Rule of Criminal Procedure 3.220(n) authorized the trial court to dismiss an information as a sanction for the state's violation, we stated that
Dismissal of an information against a defendant is, however, an extreme sanction and one that should be utilized with caution and only when a lesser sanction would not accomplish the desired result. State v. Del Gaudio, 445 So.2d 605 (Fla. 3d DCA), rev. denied, 453 So.2d 45 (Fla. 1984); State v. King, 372 So.2d 1126 (Fla. 2d DCA 1979), cert. denied, 385 So.2d 758 (Fla. 1980). Before dismissing an information for a prosecutor's violation of a rule of discovery the trial court must find that the prosecutor's violation resulted in prejudice to the defendant. Richardson v. State, 246 So.2d 771 (Fla. 1971). Prejudice means something which affects the ability of the defendant to properly prepare for trial. Leeman v. State, 357 So.2d 703 (Fla. 1978).
Theriault, 590 So.2d at 995-96. Noting that rule 3.220(n)(2) provides for appropriate sanctions against counsel who willfully violate a discovery rule or order, we stated that the rule
was ... "never intended to furnish a defendant with a procedural device to escape justice." Richardson v. State, 246 So.2d at 774. In other words, where the state's failure to make discovery has not irreparably prejudiced the defendant, the sanction of dismissal punishes the public, not the prosecutor, and results in a windfall to the defendant. State v. Del Gaudio, 445 So.2d at 608.
Id. at 996. Concluding that the defendant had failed to establish actual prejudice as a result of the state's violation, we reversed the order of dismissal in that case. Id. at 996-97.
Although an information charging burglary need not specify the offense the defendant was alleged to have intended to commit, State v. Waters, 436 So.2d 66, 68 (Fla. 1983), upon timely request by Thomas, *176 and upon order of the trial court, the state was required to furnish this specificity before Thomas's case went to trial. Id. at 69; Fla.R.Crim.P. 3.140(n). In the present case, however, Thomas is unable to demonstrate prejudice as a result of the state's failure to respond more specifically to the trial court's order because, even if the state had specified an offense in its statement of particulars, at trial the state's proof would not have been limited to the specified offense. Toole v. State, 472 So.2d 1174 (Fla. 1985). As the supreme court stated in Toole,
The essential element to be alleged and proven on a charge of burglary is the intent to commit an offense, not the intent to commit a specified offense.
Id. at 1175 (emphasis in original). See also L.S. v. State, 464 So.2d 1195 (Fla. 1985); § 810.07, Fla. Stat. (1991).
As we observed in Theriault, the trial court possesses alternative means of sanctioning the state for a prosecutor's violation of the rules of discovery. See Fla. R.Crim.P. 3.220(n)(1). For example, if Thomas can demonstrate actual prejudice when this case is called for trial, the court can continue Thomas's trial without a waiver of his speedy trial rights. Further, any willful violation of an applicable rule or an order issued pursuant thereto may subject the prosecutor to appropriate sanctions. See Fla.R.Crim.P. 3.220(n)(2). Alternatively, the trial court could have ordered the state to file a more reasonable statement of particulars setting forth the specific offense or offenses which the state contended the trier of fact could reasonably infer from the evidence Thomas intended to commit during the alleged burglary.
Accordingly, we reverse the trial court's order of dismissal and remand for further proceedings.
REVERSED and REMANDED.
W. SHARP and GOSHORN, JJ., concur.