SHARP, W., J.
The state appeals from an order of the trial court which dismissed a criminal information because the state lacked familiarity with the charges and evidence, which caused a delay, and because when the hearing resumed, the state’s witness (the arresting officer) was across the hall watching a video. We reverse.
Florida Rule of Criminal Procedure 3.220(n) empowers the trial court to dismiss an information as a sanction. However, dismissal is an extreme sanction, and should be used only when a lesser sanction would not accomplish the desired result. State v. Theriault, 590 So.2d 993 (Fla. 5th DCA 1991). A court must find that the prosecutor’s violation resulted in prejudice to the defendant. Theriault. In this context, prejudice means the action affects the defendant’s ability to properly prepare for trial. Theriault.
This case commenced with a traffic stop which resulted in the arresting officer’s discovery that the driver (C.R.K.) had drug paraphernalia in the car. He was charged with use and possession of drug paraphernalia.[1] When C.R.K. and his attorney appeared for trial, October 21, 2002, the attorney moved for a statement of particulars because there was no indication as to the nature of the drug paraphernalia. The prosecuting attorney did not know. The court adjourned the proceeding and handled other matters from 10:22 a.m. to 10:39 a.m.
When the court resumed the proceedings, defense counsel said he was ready to proceed. The court asked if the arresting *1123 officer was present. The prosecutor said he was. She also said the paraphernalia consisted of a glass pipe, a plastic bag, and a pipe. The court handled unrelated matters from 10:41 a.m. to 10:59 a.m.
The proceeding resumed. The court asked defense counsel if there was still going to be a trial. He said yes. The court handled unrelated matters from 10:59 to 11:14 a.m.
The court called the case. The prosecutor said the arresting officer was watching a video, and as soon as he returned, the state was ready to proceed. No doubt, on reflection, the prosecutor wishes now that she had offered to fetch her witness “immediately.”
The court responded, “no, you’re going now.” The prosecutor asked if she could send her co-counsel “to go see if he’s ...” She was cut off by the following:
COURT: You better get him because I’m about to dismiss the case. What is this? What is this? This case has been set for 9:30, and it’s 11:15. What is this? I mean, you know, even needless, — I mean, Neiman Marcus isn’t like this. This is not a — okay. Guess what. At this point, you’ve got four minutes-aetually, you’ve got less than that. No. Tell you what. Motion?
MR. MEAD (defense counsel): Move to dismiss.
COURT: Response?
MS. MOORE (prosecutor): We would object, Your Honor. As soon as we get the witness here ...
COURT: The witness is not in the courtroom. It’s 11:15. The case was set for 9:30. We’ve sounded it twice. Case dismissed ... based on the failure of the witness to appear.
The trial judge’s frustration with the delay, in getting this trial under way is understandable. But dismissal of this case appears to us an over-reaction. The delays were not long and some were caused by the trial judge’s busy calendar and his having to deal with unrelated matters. Nor was it established that more than a few minutes would have been required to bring the state’s witness back to the courtroom, since he had left the room some 30 minutes earlier, and was close by.
A lesser sanction would have accomplished the desired result of promptly proceeding with the trial, and the failures on the part of the state were minor. Dismissal was a breach of discretion in this case. See State v. Thomas, 622 So.2d 174 (Fla. 5th DCA1993);. Theriault.
REVERSED.
GRIFFIN and PALMER, JJ., concur.

. § 893.147(1), Fla. Stat. (2002).