STONE, J.
We review the order dismissing, on speedy trial grounds, the state’s petition for delinquency alleging grand theft. It is undisputed that the state properly filed the petition for delinquency within ninety days of P.M.’s detention at a Walmart for failing to pay for merchandise. Also undisputed is that P.M.’s arraignment was held thirty-seven days after the speedy trial window closed.
At a hearing at which P.M.’s counsel stated there was a pending motion to dismiss, and after being informed of the delay in holding an arraignment, the trial court, without more, dismissed the charges. This cursory dismissal of the charges against P.M. is contrary to Florida Rule of Juve *1206 nile Procedure 8.090, and this court’s recent opinion in C.D. v. State, 865 So.2d 605 (Fla. 4th DCA 2004).
In C.D., this court, en banc, stated:
When a juvenile is taken into custody, the State is given ninety days to bring the case to trial. When that does not occur, the juvenile may file a motion for discharge. The court must then set a hearing within five days to review the facts in subsection (d). If none of them apply, the State is given a ten-day window period within which to try the case. If the State fails to bring the case to trial within those ten days, the juvenile is discharged. If one of the factors in subsection (d) is found to exist, then the State is given ninety days within which to try the case.

Id.

Here, where the state failed to bring P.M. to trial within ninety days, the trial court was required to set a hearing within five days at which point it would review the factors in rule 8.090(d). If no factors apply, then the state is given ten days to try the case. Conversely, if one of the factors applies, the state is provided ninety days to try the case.
The trial court failed to comply with rule 8.090, as now clearly enunciated in C.D. Thus, we reverse and remand for the trial court to conduct the required review and provide the state with the ten day recapture period or ninety days to try this case.
WARNER and STEVENSON, JJ., concur.