THOMPSON, J.
The State appeals orders dismissing two petitions of delinquency filed against L.J.T. We reverse because the trial court abused its discretion by dismissing the petitions without considering lesser sanctions.
The first petition charged L.J.T. with one count of possession of cocaine with intent to sell or deliver, one count of providing false identification to a law enforcement officer, and one count of possession of drug paraphernalia. The second petition charged L.J.T. with one count of providing false identification to a law enforcement officer. The first petition was set for trial on 2 February 2005, but the Department of Juvenile Justice (“DJJ”) failed to transport L.J.T. to the hearing. The court granted the State’s motion to continue, and trial was scheduled for 9 March 2005, for which the court issued a transport order. The hearing on the second petition was set for 19 January 2005, but reset to 9 March 2005. The court issued another transport order similar to its first.
On 9 March 2005, the DJJ again failed to transport L.J.T. to the courthouse. As the court deputy and the State looked into DJJ’s failure, the court warned that, “at some point in time, I’m just going to dismiss these cases.” The State noted that it was not to blame because it had requested transport orders after DJJ’s previous failure.[1] In addition, other sanctions, such as an order to show cause, were available. The trial court was unconvinced. It repeated its inclination to dismiss the cases and expressed unwillingness to consider contempt proceedings for the individuals responsible for transporting L.J.T. Defense counsel observed that speedy trial had run on the first petition. The State replied that there had been no notice, so the State would have a recapture period to try the case. See Fla. R. Juv. P. 8.090. Defense counsel then moved for discharge.
The court observed that L.J.T.’s absence inconvenienced witnesses,[2] an adjudication of delinquency would not have much practical impact beyond LJ.T.’s scoresheet as an adult, and the State wanted the court “to go to a lot of trouble.” It dismissed both petitions. The State timely appealed, contending that the trial court’s action was an abuse of discretion. We agree with the State.
The decision to grant a motion to dismiss is reviewed for abuse of discretion. See State v. Carpenter, 899 So.2d 1176, 1182 (Fla. 3d DCA 2005); State v. Balezos, 765 So.2d 819, 822 (Fla. 4th DCA 2000). Dismissal is an extreme sanction that should be employed only when lesser sanctions would not achieve the desired result. Carpenter, 899 So.2d at 1182 (citing State v. Thomas, 622 So.2d 174, 175 (Fla. 5th DCA 1993)); see also State v. L.E., 754 So.2d 60, 61 (Fla. 3d DCA 2000); State v. S.M.F., 546 So.2d 20, 20-21 (Fla. 3d DCA 1989). Courts restrict dismissal to “cases where no other sanction can remedy the prejudice to the defendant ... to insure that the public’s interest in having persons accused of crimes brought to trial is not sacrificed in the name of punishing a prosecutor’s misconduct.” Carpenter, 899 So.2d at 1182-83 (quoting State v. Del Gaudio, 445 So.2d 605, 608 (Fla. 3d DCA 1984)). Dismissing charges without a showing of prejudice to the defendant *748 awards the defendant a windfall and punishes the public rather than the prosecutor. See id. at 1183 (citing Del Gaudio, 445 So.2d at 608); L.E., 754 So.2d at 61. Here, the orders dismissing the petitions contain no findings of prejudice to L.J.T., and the record would not support such a finding. See Carpenter, 899 So.2d at 1183.
Furthermore, the record does not reflect that lesser sanctions had been attempted and shown to be futile, and the order and hearing transcript do not reflect any serious consideration of a less severe sanction. See State v. Davis, 857 So.2d 349, 350-51 (Fla. 2d DCA 2003) (granting certiorari because the sanction of exclusion of witness testimony departed from the essential requirements of the law). At this juncture, the State obviously had no intention of abandoning its case. See S.M.F., 546 So.2d at 20-21. The trial court’s summary dismissal without consideration of alternatives was an abuse of discretion. See L.E., 754 So.2d at 60-61.
The trial court abused its discretion when it dismissed the case despite the fact that the hearing occurred after the speedy trial window expired for one of the counts. Defense counsel moved for discharge at the hearing, but the court still should not have dismissed the case. It was required to hold a hearing, after which the State would have had ten days to try the case. See Fla. R. Juv. P. 8.090; State v. P.M., 867 So.2d 1205, 1205-06 (Fla. 4th DCA 2004); C.D. v. State, 865 So.2d 605, 610 (Fla. 4th DCA 2004).
Accordingly, we REVERSE the order dismissing the petitions of delinquency and REMAND for further proceedings.
ORFINGER, J., concurs.
GRIFFIN, J., dissents, without opinion.

. A DJJ official stated that the program providing transportation had been reorganized and there were problems, but the problems were being corrected. An apology was made to the court along with a request to continue the case and enter a new order.

. The only witnesses inconvenienced were relatives of L.J.T. The officers were on stand-by and had been told not to appear until called.