STONE, J.
We reverse an order dismissing the information charging Lamm with battery on a law enforcement officer.
Lamm filed a motion to dismiss, claiming the state had intentionally destroyed an exculpatory videotape and asserting that the videotape was missing seconds showing Lamm never touched the officer. The record of the hearing on the motion reflects that the charged incident occurred in a parking garage and was captured by the garage video cameras. The assistant state attorney argued that gaps in the tape resulted from the fact that multiple cameras were involved, and the tape had to be slowed down to get the recordings into a usable format. The trial court, however, noted that the gaps were not at regular intervals or length.
The assistant state attorney offered to have the Broward sheriffs office technician, who had made the tape, brought in to testify and told the court the original videotape was still in existence.
The court, in dismissing the information, noted that the state had almost two months notice of the motion to dismiss hearing and that the assistant state attorney could not personally testify as to whether the copy of the videotape was a true and accurate copy of the tape. The court also found that the missing seconds on the tape would be material to Lamm’s defense.
There is no indication in the record that the court deemed counsel’s conduct to be willful. There is also no reason to question the state’s assertion that the original videotape is still available in full, albeit not in usable format, without conversion.
We have recognized that dismissal of an information should be used only with the “greatest caution and deliberation.” Felder v. State, 873 So.2d 1282, 1283 (Fla. *649 4th DCA 2004) (citation omitted). The dismissal of an information is an extreme sanction and, therefore, “should be used with caution, and only when a lesser sanction would not achieve the desired result.” State v. Carpenter, 899 So.2d 1176, 1182 (Fla. 3d DCA 2005) (citations omitted) (emphasis in original).
In Carpenter, the trial court dismissed the information after the state would not revise its statement of particulars. There, the court recognized that,
Before a court can dismiss an information for a prosecutor’s violation of a discovery rule or order, the trial court must find that the prosecutor’s violation resulted in prejudice to the defendant.
The obvious rationale for limiting the sanction of dismissal of criminal charges to only those cases where no other sanction can remedy the prejudice to the defendant is to insure that the public’s interest in having persons accused of crimes brought to trial is not sacrificed in the name of punishing a prosecutor’s misconduct. And, of course, where the prosecutor’s failure to make discovery has not irreparably prejudiced the defendant, the sanction of dismissal punishes the public, not the prosecutor, and results in a windfall to the defendant. ... [T]he rule authorizing the imposition of sanctions for discovery violation was “never intended to furnish a defendant with a procedural device to escape justice[.]”
899 So.2d at 1182-83 (citations omitted) (footnote omitted) (emphasis in original).
Here, the court was responding to the failure of the state to anticipate the need to produce the technician/witness at the hearing. However, there is no indication in the record that counsel was aware that this was an evidentiary hearing and that leave would not be granted for time to support the state’s representations, if contested. Indeed, there is nothing in the record to refute counsel’s representations as to what had occurred.
In any case, dismissing the information because of the state’s failure to call a pre-trial witness when the state had no indication a witness would be required, absent willful misconduct, is an inappropriate sanction. See generally State v. Saldarriaga, 486 So.2d 683 (Fla. 3d DCA 1986) (citations omitted) (“Where the failure of the State to produce a witness or evidence in compliance with an order of the court is based on negligence rather than willful noncompliance, and where the facts do not even in the slightest support a conclusion that the defendant’s constitutional rights have been violated, dismissal of the charges and discharge of the defendant is not an appropriate sanction.”).
Further, although we are mindful that unsworn representations of counsel are not evidence,[1] here, while not being able to testify as to what process of conversion was done to the tape at issue, the assistant state attorney could certainly inform the court that the original tape still existed. There was no showing that Lamm would be unable to obtain the original complete videotape.
Additionally, the trial court did not consider any lesser sanctions before granting the dismissal. By dismissing the information, the trial court prevented the state from any possibility of meeting its burden in showing that there was no prejudice to Lamm; further inquiry as to the inability of the videotape to be presented in a format without skipping may well have shown the tape to be valueless, thus negating any *650 prejudice. See State v. Sobel, 363 So.2d 324 (Fla.1978) (involving defendant’s contention that a destroyed tape recording, which police said was inaudible, was exculpatory, and holding a defendant is not denied due process with regard to a destroyed or lost tape recording absent a showing of prejudice).
Therefore, we reverse and remand for an evidentiary hearing as to the existence of the original tape, and as to the exculpatory value of further conversions of the tape.
SHAHOOD and HAZOURI, JJ., concur.

. See, e.g., Neal v. State, 697 So.2d 903 (Fla. 2d DCA 1997).