59 So.3d 1210 (2011)
STATE of Florida, Appellant,
v.
S.M.M., a Child, Appellee.
No. 5D10-2919.
District Court of Appeal of Florida, Fifth District.
April 29, 2011.
*1211 Pamela Jo Bondi, Attorney General, Tallahassee, and Pamela J. Koller, Assistant Attorney General, Daytona Beach, for Appellant.
James S. Purdy, Public Defender, and Michael S. Becker, Assistant Public Defender, Daytona Beach, for Appellee.
LAWSON, J.
The State appeals from an order dismissing its delinquency petition charging S.M.M. with one count of possession of cocaine. This is one of a number of cases pending before us from the same juvenile delinquency division in the Florida's Ninth Judicial Circuit, decided adversely to the State by the same judge. In each case, the State did not have witnesses present at a duly noticed trial or evidentiary hearing, and the trial judge declined to continue the trial or hearing to allow the State another chance to produce its witnesses. We have reviewed each case applying an abuse of discretion standard. State v. L.J.T., 921 So.2d 746, 747 (Fla. 5th DCA 2006) (an order of dismissal is reviewed on appeal for abuse of discretion); State v. Humphreys, 867 So.2d 596 (Fla. 2d DCA 2004) (the denial of a motion to continue an evidentiary hearing is reviewed for abuse of discretion).[1] Finding no abuse of discretion with respect to this case, we affirm dismissal of the charge against S.M.M.
The court initially placed S.M.M. into a pretrial diversion drug court program, which would have resulted in dismissal of the charge upon successful completion of the program. However, S.M.M. was discharged from drug court after several months of supervised participation, and the case was ultimately placed back on the trial court's active docket upon motion by the State.[2] The adjudicatory hearing (trial) *1212 was initially set for 8:00 a.m. on June 29, 2010. For reasons not apparent from the record before us, the trial was then rescheduled for 8:00 a.m. on July 1, 2010.
On July 1, 2010, the State moved to continue the trial on grounds that it was "not sufficiently prepared for trial." The trial court granted the State's motion to continue, and reset the trial for 8:00 a.m. on August 12, 2010. When the case was called at 10:45 a.m. on August 12, 2010, neither of the State's two witnesses were present at the courthouse. The prosecutor stated that he had spoken with the deputy sheriff listed as one of the two state witnesses at 9:53 a.m. At that time, the deputy reported that he was on his way, but would need to first retrieve the evidence. There is no indication in the record as to exactly when the prosecutor expected either witness to be present in court. The trial judge noted for the record that the witnesses should have been present at 8:00 a.m., almost three hours earlier.
The judge had the halls called for both witnesses, with no response, and then asked the prosecutor how he wished to proceed. The prosecutor replied that he was ready for trial. Although questioning how the State could claim to be ready for trial when it had no witnesses present, the judge allowed the State to present its opening statement. After opening statements, with no witness present to place on the stand, the prosecutor then moved for a continuance to check on the status of the State's witnesses. The trial court denied the motion, and dismissed the case.
In affirming the trial court's decision, we of course recognize that "[d]ismissal is an extreme sanction that should be employed only when lesser sanctions would not achieve the desired result." L.J.T., 921 So.2d at 747. If this had been an isolated incident, we might well reach a different result. But, it is apparent from this recordand from the other cases before usthat the court was dealing with a systemic problem involving a pattern of repeated failures by the State to produce witnesses for properly noticed trials or other evidentiary hearings. Considering this fact, along with the fact that the State had already secured at least one prior continuance, on the day of trial, when it was not prepared to proceed; the nature of the charge in this case; and, the fact that almost three hours after the trial was scheduled to start the State had no definitive estimate of when its witnesses might appear in court, and no reasonable explanation as to why they had not appeared on time, we find no abuse of discretion in the dismissal of this case.
AFFIRMED.
MONACO, C.J., and JACOBUS, J., concur.
NOTES
[1] S.M.M. alternatively argues that because the dismissal was entered after the start of trial, when jeopardy should have "attached," this case should be viewed as "akin to" a judgment of acquittal entered in a criminal case from which the State has no right of appeal. Given our affirmance of the dismissal applying an abuse of discretion standard, we need not address this issue.
[2] The record contains a document dated July 24, 2009, notifying the parties that S.M.M. had been discharged from the drug court program. Inexplicably, no action was taken in the case for approximately ten months, when the State filed a request that the case be placed back on the court's active docket in May 2010. Because S.M.M. had waived her speedy trial rights upon entry into the drug court program, this delay was not raised as an issue on appeal.