# Third District Court of Appeal

## State of Florida

Opinion filed April 10, 2024.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D23-0464
Lower Tribunal No. 21-637-A-P
_____

**The State of Florida,**
Appellant,

vs.

**Kurt Richard Denninghoff,**
Appellee.

An Appeal from the County Court for Monroe County, Sharon I. Hamilton, Judge.

Ashley Moody, Attorney General, and Kseniya Smychkouskaya, Assistant Attorney General, for appellant.

Halford G. Schuhmacher, P.A., and Hal Schuhmacher, for appellee.

Before LOGUE, C.J., and MILLER and BOKOR, JJ.

BOKOR, J.

The State of Florida appeals an order dismissing Kurt Richard Denninghoff's misdemeanor charge of driving under the influence. During the trial, the parties realized that a State's witness had prepared a short report, which was not turned over to Denninghoff's counsel pretrial. The trial court conducted a Richardson[1] hearing, concluding that while the violation was inadvertent, the resulting prejudice to the defense was substantial due to "how it would have affected the defense in their questioning." The trial court then dismissed the charges. The State appeals.[2] We review the trial court's dismissal of a criminal charge as a sanction for a discovery violation for abuse of discretion.[3]

**BACKGROUND**

At approximately 1:22 am on May 22, 2021, Monroe County Sherriff's Deputy Moreno and Officer Torres were conducting simultaneous traffic stops on the northbound shoulder of Overseas Highway in Islamorada, Monroe County, with Deputy Moreno located approximately 200-300 yards south of Officer Torres. They were within eyesight of each other. During the traffic stops, a vehicle almost hit Deputy Moreno, while also failing to yield,

---

[1] Richardson v. State, 246 So. 2d 771 (Fla. 1971); see also Fla. R. Crim. P. 3.220(n).

[2] Counsel for Denninghoff filed no responsive brief or memorandum of points of authority in response to the State's initial brief.

[3] State v. Carpenter, 899 So. 2d 1176, 1182 (Fla. 3d DCA 2005).

2

slow down, or otherwise react to the activated emergency lights of Deputy Moreno's marked patrol vehicle. Deputy Moreno radioed Officer Torres and informed him that a white Ford F-150 almost hit him, to which Officer Torres noted that the vehicle was passing him as they spoke. Detective Moreno asked Officer Torres to conduct a traffic stop, which he did. Officer Torres approached the stopped vehicle, talked with the driver, Denninghoff, and a passenger, explained the reason for the stop, and noticed indicia of impairment as well as the odor of alcohol. Additionally, Officer Torres noted an open 12-ounce beer can in the center console within reach of the driver.

At this time, Deputy Moreno arrived to provide backup, having finished his previous traffic stop. Based on the observations made and Denninghoff's responses, Officer Torres conducted a field sobriety test. Based on the results of the field sobriety tests, Officer Torres placed Denninghoff under arrest for driving under the influence and brought him to the local station for further testing, which was refused. Denninghoff was issued a citation for violation of Fla. Stat. § 316.193(1).

The matter proceeded to trial in Monroe County. The State presented two witnesses: the arresting officer, Officer Torres, for whom the State furnished an incident report during pretrial discovery, and Deputy Moreno, for whom the State furnished no report. Upon the witness, Deputy Moreno,

3

mentioning his incident report during cross-examination, the defense requested a <u>Richardson</u> hearing. The State admitted that Deputy Moreno's supplemental report, which may have been added as a supplement to the main report, was not provided because the supplemental report was not in the State's system and had to be pulled from a different system. The State admitted it wasn't provided but argued that the omission was not willful, and any violation was trivial and didn't prejudice Denninghoff.

The trial court agreed with the State that the violation constituted an inadvertent failure to disclose, but ultimately found that the violation was substantial and had a prejudicial effect on the defense's trial preparation. The State noted that both officers were available for additional questioning and offered to strike Deputy Moreno's testimony in its entirety. The defense requested a dismissal, which the trial court felt it had no choice but to grant.

**ANALYSIS**

On the record before us, the trial court abused its discretion. As this court has explained, dismissal is an extreme sanction, to be used with caution, and only when a lesser sanction wouldn't achieve the desired result. <u>Carpenter</u>, 899 So. 2d at 1182; <u>State v. L.E.</u>, 754 So. 2d 60, 61 (Fla. 3d DCA 2000); <u>see also</u> <u>State v. Del Gaudio</u>, 445 So. 2d 605, 608 (Fla. 3d DCA 1984) ("Dismissal of an information or indictment is an action of such magnitude

4

that resort to such a sanction should only be had when no viable alternative exists.") (quotation omitted). The supplemental report of Deputy Moreno (constituting less than a page of the full 9 pages of the combined reports of the two officers) contains almost nothing (and certainly nothing contradictory or substantive) not already in Officer Torres' detailed report. Certainly, the supplemental report contained no exculpatory evidence; further, no fair reading would show any contradiction between the two reports. At most, it is unclear based on this record, and after reviewing the excluded report, whether anything more than recalling the witness would have been necessary. Accordingly, we reverse the order of dismissal and remand for further proceedings.

Reversed and remanded.