# Third District Court of Appeal

## State of Florida

Opinion filed February 24, 2016.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D16-95
Lower Tribunal Nos. 12-29664, 12-30155, 12-30304
_____

**Lee Andrew Williams,**
Appellant,

vs.

**The State of Florida,**
Appellee.

An Appeal under Florida Rule of Appellate Procedure 9.141(b)(2) from the Circuit Court for Miami-Dade County, Milton Hirsch, Judge.

Lee Andrew Williams, in proper person.

Pamela Jo Bondi, Attorney General, for appellee.

Before ROTHENBERG, EMAS, and FERNANDEZ, JJ.

ROTHENBERG, J.

The defendant, Lee Andrew Williams, who pled guilty in 2012 to various sexual offenses against children, appeals the trial court's October 2, 2015 and December 2, 2015 orders denying his motions for postconviction relief under Florida Rule of Criminal Procedure 3.850. Based on our review of the motions and the two excellent orders issued by the trial court, we affirm.

In 2014, the defendant pled guilty to numerous sexual offenses and signed a written plea agreement in exchange for a very lenient term of incarceration. On May 27, 2015, approximately fourteen months after pleading guilty to these offenses, the defendant filed a motion for postconviction relief, alleging four grounds in an effort to prove ineffective assistance of counsel. On June 5, 2015, the trial court entered an order denying ground three of the motion with prejudice and denying the remaining grounds without prejudice after concluding that the remaining grounds were legally insufficient as pled, but allowing the defendant to file an amended motion for postconviction relief. See Fla. R. Crim. P. 3.850(f)(2); Spera v. State, 971 So. 2d 754, 755 (Fla. 2007) (holding that the "court abuses its discretion in failing to allow the defendant at least one opportunity to correct the deficiency unless it cannot be corrected").

Thereafter, the defendant filed an amended motion for postconviction relief, realleging grounds one and four with more particularity, but which failed to address ground two. On October 2, 2015, the trial court issued an order denying

2

the defendant postconviction relief as to ground one after concluding that, even as amended, the motion failed to allege deficiency or prejudice. As to ground four, which was based on newly discovered evidence, the trial court reserved ruling and ordered a response by the State.

On December 2, 2015, the trial court entered a "Final Order Denying Defendant's Motion for Post Conviction Relief" which resolved ground four. In this order, the trial court correctly found that the "evidence" the defendant was claiming was newly discovered, was known by the defendant when he entered his plea and it was therefore not newly discovered evidence. The trial court, however, also correctly noted that since this claim was properly brought within the two-year window for claims under rule 3.850, it should be considered as merely an additional rule 3.850 claim of ineffective assistance of counsel.

In his ground four claim, the defendant claims that his trial counsel provided ineffective assistance of counsel, which led the defendant to plead guilty to crimes it was impossible for him to commit. In charging the defendant, the State alleged that the sexual offenses committed by the defendant were committed sometime between December 1, 1973 and December 31, 1975.[1] Although the defendant contends he was incarcerated from May 8, 1973 until May 1, 1975, by the

---

[1] Because it is difficult for children who have been sexually abused to provide specific dates of when the abuse occurred, the State often charges these offenses as having occurred within an extended window of time. See Dell'Orfano v. State, 616 So. 2d 33 (Fla. 1993).

defendant's own admission he was not in custody from May 1, 1975 through December 31, 1975, and therefore it was not impossible for him to have committed the charged offenses. As the trial court noted, "a partial alibi is no alibi at all." See, e.g., Overton v. State, 976 So. 2d 536, 557 (Fla. 2007); Mungin v. State, 932 So. 2d 986, 1000 (Fla. 2006) (citing Reed v. State, 876 So. 2d 415, 429-30 (Fla. 2004)).

Affirmed.